543 A.2d 540

**Carmen DeFAZIO and Florence DeFazio, Appellants,**

**v.**

**Alexander LABE, M.D. and Zaslow, Portner, Cohen, Labe & Joshi, M.D.'s, a Professional Corporation and/or Association and/or Partnership, and Gad Guttman, M.D., Kallish, Kauffman, Guttman & Puglisi, M.D.'s, a Professional Association and/or Corporation and/or Partnership, trading as and also known as Orthopedic Surgical Associates, Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1987.

Decided June 1, 1988.

As amended June 6, 1988.

Reargument Denied Sept. 2, 1988.

Anthony P. Baratta, Philadelphia, for appellants.

Barton L. Post, Allan C. Molotsky, Philadelphia, for Gad Guttman, M.D.

Jay Lambert, Philadelphia, for Alexander Labe, M.D.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM:

It is ordered:

Five members of the Court being in agreement, the Order of the Superior Court entered at 352 Pa.Super. 120, 507 A.2d 410 (1986), No. 1879 Philadelphia 1984 is reversed, and the Order of the trial court is reinstated.

392

The Court being equally divided, the Order of the Superior Court entered at No. 1653 Philadelphia 1984 is affirmed.

NIX, C.J., files an Opinion in Support of Affirmance in Part and in Support of Reversal in Part, joined by ZAPPALA, J., and joined in part by McDERMOTT, J.

PAPADAKOS, J., files an Opinion in Support of Reversal in which LARSEN and FLAHERTY, JJ., join.

McDERMOTT, J., files an Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF AFFIRMANCE IN PART AND IN SUPPORT OF REVERSAL IN PART

NIX, Chief Justice.

While I concur in the opinion authored by Mr. Justice Papadakos as to the reversal of the Superior Court order entered at 1879 Philadelphia 1984 relating to the issue arising under Philadelphia Local Rule 240, I do not agree that the trial court was in error in determining that appellants, the DeFazios, were without standing. For the reasons that follow, it is my judgment that the trial court properly found that appellants were without standing to raise the issue of the jury's determination as to the allocation of negligence among the defendants.

In this instance, the plaintiffs do not seek to challenge the total verdict rendered by the jury. The thrust of their proffered objection is to the apportionment among the defendants for the payment of that obligation. Clearly this is the concern of no one other than the individual defendants, notwithstanding plaintiffs' decision to release one of the defendants, a decision which they in hindsight regret. I would affirm the order of the Superior Court with regard to the plaintiffs' motion for judgment notwithstanding the verdict.

The fallacy of the contrary view is the misconception that the plaintiffs have an interest in how the verdict is to be apportioned among the defendants responsible for plain-

tiffs' injuries. Under our law where there are several defendants found to have been liable for plaintiffs' injuries, the plaintiffs can look to the combined resources of the defendants for the satisfaction of that award regardless of the jury's allocation of the damages between them.

Under the Comparative Negligence Statute, 42 Pa.C.S., § 7102(b), the appellants are entitled to full satisfaction and may draw from the resources of all of the defendants regardless of the allocation among the defendants by a fact finder.[1]

The consequences of releasing one of the defendants in that pool is that in reducing the recovery to a sum certain by agreement to avoid the vagaries of trial, wherein plaintiffs may be unsuccessful in establishing either liability and/or damages in the desired amount against the settling defendant, the obligation of the settling defendant is set at a fixed amount. The plaintiffs therefore avoid the possibility of an unfavorable result against the settling defendant, and recovery to the extent of the settlement agreement is assured. An additional practical result is that plaintiffs acquire the resources of the settling defendant in proving the case at trial against the remaining defendants.

In this case plaintiffs' request for judgment n.o.v. was not based upon a claim that the verdict rendered against the defendants was against either the law or the evidence. It is conceded that the $300,000 verdict rendered against the defendants was in accord with plaintiffs' request. The essence of the complaint is that the resources of the settling defendant are not available for the full satisfaction of the

1.  § 7102(b) **Civil Actions & Proceedings**
    (b) **Recovery against joint defendant; contribution.**—Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.
    42 Pa.C.S.A. § 7102.

verdict rendered. However, this was the very thing plaintiffs gave up in reaching that settlement with the settling defendant. The trial court was therefore correct in concluding that plaintiffs had no standing to complain.

McDERMOTT joins in this opinion only as to the standing issue.

ZAPPALA, J., joins in this opinion.

## OPINION IN SUPPORT OF REVERSAL

PAPADAKOS, Justice.

We accepted this appeal by allowance to determine under what circumstances, if any, a verdict winner in a negligence action may move for a judgment n.o.v.; and whether the payment of a transcript fee is a necessary ingredient for compliance with a proper local rule which requires the ordering of the notes of testimony by counsel who files exceptions or post-trial motions. For the reasons set forth herein, we would reverse the order of the Superior Court.

This medical malpractice action was initiated by Plaintiff–Appellants (DeFazios) in the Court of Common Pleas of Philadelphia County against Dr. Alexander Labe and his associates (Dr. Labe), and Dr. Gad Guttman and his associates (Dr. Guttman). The DeFazios contended that as a result of the negligent treatment of Mr. DeFazio by the named doctors it became necessary to amputate his left index finger and part of his left hand. Before trial, the DeFazios executed a joint tortfeasors release with Dr. Labe. At the close of their case, the DeFazios made a motion for voluntary non-suit as to Dr. Labe pursuant to Pa.R.C.P. 230.[1] However, the motion was denied on grounds that a

---

1. Rule 230 provides:
    Rule 230. *Voluntary Non-suit*
    (a) A voluntary non-suit shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff during the trial.
    (b) After a plaintiff has rested his case in chief he may not suffer a voluntary non-suit without leave of court and cannot do so after the close of all the evidence.

cross-claim had been filed against Dr. Labe by Dr. Guttman. Dr. Labe was represented by counsel and participated in the trial; the DeFazios, however, presumably because of the settlement, presented equivocal evidence to suggest negligence by Dr. Labe. Rather, the evidence focused on Dr. Guttman's claimed negligence. The DeFazios' theory of liability was centered on Dr. Guttman's alleged negligence in failing to remove a tube which he had placed in Mr. DeFazio's finger to irrigate it and rid it of infection. The DeFazios' expert witness, Dr. Mark Nissenbaum, testified that Dr. Guttman deviated from the standard of orthopedic surgeons practicing in the community by leaving the irrigation tube in Mr. DeFazio's finger for an extended period of time even though there was no sign of improvement. Dr. Martin Beller, an orthopedic surgeon, testified as a defense expert and disputed Dr. Nissenbaum's contention, stating that Dr. Guttman did, in fact, conform to the medical standards of the community.

The trial court submitted the question of the proportional liability of both individual defendants to the jury which returned a verdict in the amount of $300,000.00 against Drs. Labe and Guttman. The jury found Dr. Labe 80% negligent and Dr. Guttman 20% negligent. Timely post-trial motions were filed by both parties. The DeFazios sought judgment n.o.v. on the ground that the percentage of negligence assessed against Dr. Labe was legally unsupportable. Dr. Guttman also sought judgment n.o.v. or, alternatively, a new trial.

The trial court dismissed the DeFazios' motion on grounds that, as verdict winners, they lack standing to move for judgment n.o.v. The court also dismissed Dr. Guttman's motions stating in its order that Philadelphia Local Rule 240 had been violated by the failure to pay a deposit for the transcription of the notes of testimony and generally proceeding in a dilatory fashion. Subsequently, the trial judge stated in his opinion that his decision to dismiss Dr. Guttman's motion for judgment n.o.v. was not predicated on the procedural deficiencies of the motion, that

is, a violation of Local Rule 240. Rather, Judge Wright determined that the motion was equally without substance on the merits. (Slip opinion at 4). The parties cross appealed and the Superior Court affirmed the trial court's dismissal of DeFazios' post-verdict motion. However, the Superior Court found that the trial court abused its discretion in dismissing Dr. Guttman's post-trial motions on the basis of a Rule 240 violation. The Superior Court reversed and remanded for determination on the merits of the issues set forth in Dr. Guttman's motions for judgment n.o.v. and/or new trial.

The Superior Court determined that the trial court erred in its interpretation of Philadelphia County Rule 240 as requiring dismissal of post-trial motions where counsel failed to forward to the court reporter a monetary deposit required for the transcription of the notes of testimony. Since the Superior Court found this to be an abuse of discretion, it did not address the remaining issues raised by Dr. Guttman in the Superior Court.[2]

In this appeal, the DeFazios raise two issues: 1) whether the Superior Court mischaracterized the trial court's interpretation of Philadelphia Civil Rule 240(c)(4) and therefore erred in reversing the trial court's dismissal of Dr. Guttman's post-trial motions as a sanction for violation of a local rule regulating the ordering of a trial transcript; and 2) whether verdict winners have a right to file a motion for judgment n.o.v. where the jury's verdict attributed 80% of liability to a defendant doctor against whom no evidence of negligence was introduced.

---

**2.** The additional issues raised by Dr. Guttman before the Superior Court were: 1) whether the trial court was warranted in refusing to allow Appellees to call as a witness *DeFazios' expert*, Dr. William Burch, whose report was provided to all counsel over one year prior to trial, but who was not listed as a witness for Dr. Guttman at trial; 2) whether the trial court erred in its instructions to the jury with respect to the testimony of Dr. Beller concerning whether Dr. Guttman had requested anaerobic cultures; and 3) whether the trial court erred in allowing the jury to consider as damages loss of future earnings and earning capacity.

Regarding the first issue, the DeFazios contend that the Superior Court misread the trial court's order and opinion. In reversing the trial court, the Superior Court stated in its opinion that "[t]he trial court, acting *sua sponte,* interpreted the rule [Philadelphia Local Rule 240(c)(4)] to require dismissal of post-trial motions where counsel failed to forward to the court reporter a monetary deposit required for transcription of the notes of testimony." *Defazio v. Labe,* 352 Pa.Superior Ct. 120, 126, 507 A.2d 410, 413 (1986). The Superior Court interpreted Local Rule 240 as not requiring a deposit, since the rule does not give explicit notice that dismissal will follow from the failure to forward a deposit to transcribe the notes of testimony. *Id.* at 413. DeFazios argue that the trial court's dismissal was not an automatic dismissal under Rule 240. Rather, referring to the trial court's order of April 26, 1984 [3], they aver that the dismissal was a permissible exercise of discretion expressly authorized by Rule 240 in light of Dr. Guttman generally proceeding in a dilatory fashion. Clearly, until the notes of testimony are transcribed and filed, the matter is delayed and cannot proceed to a final determination. The court reporter is not required to furnish a transcript until satisfactory arrangements for payment are made.

Philadelphia Civil Rule 240 provides in pertinent part: (4) Counsel filing exceptions or post-trial motions shall insure that the notes of testimony, if required, are ordered from the court reporter and shall notify the Post-Trial Motion Clerk in writing when the notes have been ordered. In cases in which there is no dispute about the notes to be transcribed, counsel filing the exceptions or

3. The Order of the Honorable Charles Wright referred to provided: AND NOW, to wit, this 26th day of April, 1984, upon consideration of Defendants' Motion for New Trial and/or Judgment N.O.V., it appearing that the defendants Guttman, Kalish, Kauffman, and Puglisi having failed to deposit any money for payment of stenographic costs of Notes of Testimony and generally proceeding in a dilatory fashion in violation of Local Rule 240, it is hereby ORDERED and DECREED that said Motion is dismissed.
      BY THE COURT:
      JUDGE WRIGHT

motions shall order the notes from the court reporter within five (5) days after the filing of the exceptions or motions and immediately so notify the Post–Trial Motion Clerk in writing. . . .

*Failure to order the notes of testimony* or to notify the Post–Trial Motion Clerk that they have been ordered where it is certified that they are necessary *shall result in the imposition of sanctions including the dismissal of the exceptions or motions.* (Emphasis added.)

In the present case, defense counsel ordered the notes of testimony on January 24, 1984, but failed to pay the requested deposit until May 9, 1984, some 120 days after the jury verdict. The trial judge stated in this regard:

This is a flagrant violation of both the letter and the spirit of the rule as one does not effectively order notes of testimony until the proper conditions for ordering same have been met. The Court Stenographer had instantly replied to defense counsel's request for the notes of testimony, telling him that a depost [sic] of $800.00 must be forwarded. . . . To permit such conduct would place the court's schedule at the dispositio [sic] and in control of counsel. We have, therefore, decided that denial of Post Trial Motions is the appropriate sanction.

However, we do not rest our decision on the procedural deficiencies of defendants' motion: It is equally without substance.

(Trial Court slip op. at 4.) Thus, Judge Wright also considered the substance of the motions and found them to be without merit. (Trial Court slip op. at 4–10.)

The Superior Court found that dismissal was an abuse of discretion. That Court also incorrectly stated that the Common Pleas Court dismissed the post-trial motions without considering their merits. While Judge Wright's order states that the dismissal was based upon Rule 240, his opinion clearly sets forth his consideration of the issues on the merits.

The Superior Court further stated:

If automatic dismissal of post-trial motions was to be the penalty for failure to forward the required deposit, the bar and the public were entitled to notice in the form of a specific mandate in the language of the rule. *Cf. Gutman v. Rissinger* [334 Pa.Super. 259, 482 A.2d 1324 (1984) ] *supra* (Montgomery County Local Rule of Civil Procedure No. 252 requiring 'the cost of the trial transcript and payment thereof must be made within thirty (30) days by counsel'); Pa.R.J.A. No. 5000.6 (Local rule may provide that advance payments be made to start transcription.)

We do not find, nor do appellants contend, that Philadelphia County Rule 240 is unfirm. Rather, appellants aver that the lower court improperly interpreted the rule as applied to the facts of this appeal. We conclude that the trial court's *sua sponte* summary dismissal of appellants' post-trial motions was improper. The local rule did not require a deposit, and most certainly did not give notice that dismissal would follow from the failure to forward a deposit to transcribe testimony. *Accord Davidson v. John W. Harper, Inc.,* 342 Pa.Super. 560, 493 A.2d 732 (1985) (dismissal based upon Delaware County rule which failed to give notice improper).

*Defazio v. Labe,* 352 Pa.Superior Ct. at 126, 507 A.2d at 413. (Footnote omitted.)

The Superior Court's reliance on *Davidson v. Harper, supra,* is misplaced. That case involved a Delaware County local rule mandating that all post-trial motions shall be accompanied by an order directing that the testimony and the trial court's charge be transcribed. The rule, however, provided neither remedy nor penalty in the event that the rule was not followed. *Id.* at 734. The rule at issue in the instant case is not so infirm. Rule 240 clearly provides that "[f]ailure to order the notes of testimony ... shall result in the imposition of sanctions including the dismissal of the exceptions or motions."

The trial court held that the rule requiring counsel to "order" a transcript necessarily included a requirement that

counsel arrange for payment for the transcript so that it would be prepared and made available to the court. The trial court concluded that an "order" without payment was not an "order" under the Rule. The Superior Court held, however, that the word "order" did not adequately advise counsel that a transcript had to be paid for or that sanctions would follow for non payment. This reading of the rule gives no attention to its obvious purpose. A transcript order is required to be placed promptly so that there will be a transcript and a prompt disposition of the pending motions. Under the Superior Court's reading, an attorney can comply with the Rule merely by requesting the transcript and then control the timing of the procedure by delaying payment. This is contrary to the spirit of the Rule which is intended to permit the court to exert a measure of control over post-trial proceedings.[4]

There is no doubt that the Philadelphia County Court of Common Pleas has the right to make and promulgate local rules of procedure. *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia*, 501 Pa. 234, 239, 460 A.2d 1093, 1095 (1983).

This Court's approach to the enforcement of procedural rules, whether local or state-wide, is dictated by the facts and circumstances in each individual case. To analyze otherwise would exalt procedural rules, which were created for efficiency and fairness, to a status far beyond their inherent power. "It has been our policy to overlook ... procedural errors when a party has substantially complied with the requirements of the rule and no prejudice would result. 'Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be

---

**4.** Opposing counsel can, of course, petition the trial court for a sanction order to compel the dilatory counsel to pay the required deposit or suffer dismissal. However, to impose this requirement on opposing counsel only increases the costs of his client and exacerbates an already overburdened court docket to resolve an issue which common sense dictates needs no judicial intervention.

exalted to the status of substantive objectives,' " (citation omitted).

*Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 572, 517 A.2d 1270, 1271 (1986). Additionally, this Court has previously held that local rules cannot be construed so as to be inconsistent with the prevailing state-wide rules. *Brogan, supra.*, 501 Pa. at 239, 460 A.2d at 1095. Pennsylvania Rule of Civil Procedure 126 provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Notwithstanding the fact that procedural rules should be liberally construed and not afforded the same status as substantive law, this fact alone does not justify our interference with a trial court's strict enforcement of a procedural rule. Rather, a trial court's action must constitute an abuse of discretion and cause irreparable harm to the complaining party before appellate intervention is warranted. *See, Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

We find no such abuse of discretion on the facts of the present case. Nor do we find local Rule 240 in conflict with Pa.R.C.P. 126, which was never intended to prohibit a court from providing procedures which will insure that matters before the court are disposed of expeditiously. This Court has previously held that a trial court does not abuse its discretion in refusing to extend a filing deadline where the sole reason given for failing to comply with the rule was the acknowledged inadvertence of counsel. *E.J. McAleer & Co., Inc. v. Iceland Products*, 475 Pa. 610, 381 A.2d 441 (1977). In the instant case, counsel gave no explanation for failing to comply with Rule 240 other than to state in their brief that they were under the impression that the deposit had been paid. Counsel have failed to excuse their violation

of Rule 240. The trial court was, therefore, correct in dismissing their post-trial motions.

The DeFazios next raise the issue of whether a verdict winner has the right to file a motion for judgment n.o.v. to correct what they believe to be a legal error in the jury's verdict which placed 80% of the liability against a defendant doctor against whom neither party had introduced any evidence of negligence. The trial court dismissed DeFazios' "unorthodox" motion purely on procedural grounds without addressing the substantive merits of the motion. Apparently the trial court was of the opinion that the Appellants as verdict winners lack standing to move for a judgment n.o.v. The Superior Court agreed and affirmed the dismissal of DeFazios' motion on the basis of lack of standing. We do not agree. However, since the trial court did not consider the substantive merits of DeFazios' motion, the only question before this Court is the procedural question of whether a verdict winner is entitled to file such a motion.[5]

The Motion for Judgment N.O.V. in the form of a Motion for Post–Trial Relief is available to "any party" under Pa.R.C.P. 227.1[6]. The essence of a motion for judgment n.o.v. has always been that it is granted in clear cases;

5. In response to Mr. Chief Justice Nix's Concurring and Dissenting Opinion in which he reaches the merits of the controversy which are not before us and overlooks the fact that this case is before us solely on a procedural question, I would point out that our Chief Justice recently opined that "it has long been the jurisprudence of this Commonwealth to limit our consideration to those issues properly before the court. Since the lower court resolved only the procedural issue and did not reach the double jeopardy challenge, I would reverse this case on the procedural ground and would not address the constitutional question." (Concurring Opinion filed March 4, 1988, in the case of *Commonwealth v. Alvie Donald McCane*, 517 Pa. 489, 539 A.2d 340 (1988)).

6. Pa.R.C.P. 227.1 provides in relevant part:
   **Rule 227.1. Post–Trial Relief**
   (a) After trial upon the written Motion for Post–Trial Relief filed by any party, the court may
   1) order a new trial as to all or any of the issues; or
   2) direct the entry of judgment in favor of any party; or
   3) remove a nonsuit; or
   4) affirm, modify or change the decision or decree nisi; or
   5) enter any other appropriate order.

*Stewart v. Chernicky*, 439 Pa. 43, 266 A.2d 259 (1970); only if justified by the record at the close of trial; *Hershberger v. Hershberger*, 345 Pa. 439, 29 A.2d 95 (1942); and only when the facts are such that no two reasonable persons could fail to agree that the verdict was improper. *Cummings v. Borough of Nazareth*, 427 Pa. 14, 233 A.2d 874 (1967).

Clearly, there will be few cases in which a verdict winner complains that his victory was erroneous as a matter of law. However, sometimes, as in the instant case, his legal position may be protected by just such a claim. It is imperative that some procedure exist so that such claims may be heard. Pa.R.C.P. 227.1 recognizes that need by authorizing "any party" to file Motions for Post–Trial Relief. In the instant case, DeFazios' motion should have been held to be proper under the Rule.[7]

While this particular question has not been previously answered by this Court, our review of the relevant case law regarding the grant or denial of a motion for judgment n.o.v. convinces us that there is no impediment to a party making such a motion whether he be a verdict winner or loser.

Accordingly, we would reverse the order of the Superior Court which affirmed the trial court's dismissal of Appellants' post-trial motion, reinstate the motion, and remand this case to the Court of Common Pleas of Philadelphia County for consideration of the motion on the merits. We would also reverse the order of the Superior Court which reinstated Appellees' post-trial motions and reinstate the trial court's dismissal of same.

LARSEN and FLAHERTY, JJ., join in this Opinion in Support of Reversal.

7. *See, Rivera v. Philadelphia Theological Seminary of St. Charles Borromeo, Inc.*, 510 Pa. 1, 507 A.2d 1 (1986), where the appellant/plaintiff Rivera, the verdict winner, filed a similar motion. The propriety of the motion was never questioned before the trial court nor on appeal.

404

## OPINION IN SUPPORT OF AFFIRMANCE

McDERMOTT, Justice.

I agree with that part of the opinion of Mr. Chief Justice Nix which would deny appellant's claim of standing to file a motion for Judgment N.O.V.

Additionally, regarding Philadelphia Civil Rule 240, I agree with the Superior Court that the trial court effectively rewrote the rule. Rule 240 contains no mention of pre-payment. Although Rule 5000.6 of the Pa.Rules of Judicial Administration permits local rules requiring prepayment of transcription fees, such a requirement should be made explicit before the extreme sanction of peremptory dismissal of post-trial motions can be invoked.

I would affirm the order of the Superior Court.