Roberta J. FERRANTE, Appellee,

v.

Antonino FERRANTE, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 27, 2001.

Filed Jan. 30, 2002.

Kathleen D. Dautrich, Reading, for appellant.

Lynn Erickson, Leesport, for appellee.

Before DEL SOLE, President Judge, CAVANAUGH, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

¶ 1 Appellant, Antonino Ferrante, appeals from the final divorce decree of April

2, 2001. For the following reasons, we affirm.

¶ 2 Appellant and Roberta Ferrante ("Wife") were married in 1981. Wife filed for divorce in 1993. Patricia Frankel, Esquire was appointed Special Master for the divorce. On December 27, 2000, the Master filed her report and proposed divorce decree. Appellant filed timely exceptions to the report, and argument was scheduled for April 2, 2001. A transcript of the argument heard on April 2, 2001 is not part of the certified record; however, according to the Trial Court opinion filed May 15, 2001, Wife orally moved to dismiss Appellant's exceptions pursuant to a Berks County local rule which requires the ordering and filing of the transcripts of the master's hearings.[1] According to the Trial Court opinion,

> B.R.C.P. 1920.55 requires the excepting party to order a transcript of the master's hearings within ten (10) days of filing exceptions, and requires the transcript to be filed with the court within thirty (30) days of the filing of exceptions; otherwise, the court must dismiss the exceptions upon motion. The rule further provides that, if the transcript cannot be filed within the thirty-day time limit, motion must be made to extend the time for filing the transcript. It should be noted that the language of the rule is mandatory.

Trial Court Opinion, 5/15/01, at 2. At the hearing on April 2, 2001, the Trial Court determined that no transcripts had been filed, nor had transcripts been ordered. Moreover, Appellant had not requested an extension of time within which to file transcripts. *Id.* at 3. Accordingly, upon Wife's oral motion, the Trial Court dismissed Appellant's exceptions.[2] The divorce decree was signed by the Trial Judge on April 2, 2001.[3] Reconsideration of the exceptions was denied on April 19, 2001. Appellant's notice of appeal was filed on May 2, 2001.

¶ 3 Appellant presents two issues for our review:

> A. Whether a remand is necessary to afford the Defendant to present evidence in divorce proceedings, and therefore reach an equitable result based on all facts.

> B. Whether a remand is necessary to effectuate justice in accordance with the policy of the Divorce Code.

Appellant's Brief at 5.

¶ 4 Before we address the merits of Appellant's issues we must address Wife's Application for Relief Seeking to Quash Appeal which was filed with this Court on August 27, 2001. Wife seeks to quash this appeal pursuant to Pennsylvania Rule of Appellate Procedure 2188 which provides as follows:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter. If an

---

1. "The courts of common pleas are empowered to adopt local rules in the interest of justice or the efficient administration of justice, but these must not conflict with the rules of our Supreme Court, statutory law, or case law. 42 Pa.C.S. § 323; *Bassett v. Bassett*, 543 Pa. 323, 325, 671 A.2d 661, 662 (1995)." *Kovach v. Solomon*, 732 A.2d 1, 8 n. 8 (Pa.Super.1999).

2. The order was dated April 2, 2001, and filed April 3, 2001.

3. We note that the divorce decree has a time/date stamp from the Prothonotary of December 27, 2000. This was the date the proposed decree was filed by the Master, along with her report. The decree was signed on April 2, 2001, presumably following the hearing on the exceptions.

appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Pa.R.A.P. 2188.

◼ ¶ 5 Although this Court will not hesitate to quash an appeal if an appellant fails to comply with our Rules of Appellate Procedure as they pertain to reproduced records[4], we find that, in the instant case, Appellant is not required to provide a reproduced record. Rule of Appellate Procedure 2151(b) provides that when "leave to proceed in forma pauperis has been granted to a party, such party shall not be required to reproduce the record." Pa. R.A.P. 2151(b). A review of the certified record reveals that Appellant filed a petition to proceed in forma pauperis with the Trial Court on May 2, 2001, that a copy of this petition was sent via certified mail to this Court on May 3, 2001, and received by the Superior Court Prothonotary on May 4, 2001. Rule of Appellate Procedure 552 requires a trial court to act upon a petition to proceed in forma pauperis within twenty days of its filing. If the petition is denied, the trial court is to state its reasons for doing so. No action has been taken by the Trial Court as of the writing of this opinion, no reasons have been provided why Appellant's petition should be denied; therefore, we deem the petition granted and consider Appellant as proceeding in forma pauperis. Hence, Appellant is excused from filing a reproduced record, and Wife's application seeking to quash the appeal is denied.

¶ 6 Appellant seeks to have the divorce decree vacated and this matter remanded for further hearings to allow him to introduce additional evidence. He argues that his exceptions should not have been dismissed based upon local rule 1920.55, because it was impossible for the Trial Court to determine whether transcripts had been ordered in accordance with that rule. Berks County local rule 1920.55 provides as follows:

> If exceptions are filed to the report of a Regular or Special Master, the excepting party shall within ten (10) days arrange for the transcribing of the testimony for filing with the court and pay to the prothonotary within said time the estimated cost thereof, unless the court on motion shall grant an extension for cause shown. Failure of the excepting party to act promptly in accordance herewith to secure the transcript shall result in the dismissal of said exceptions by the court upon motion. The completed transcript shall be filed within thirty (30) days of the filing of the exceptions unless the court on motion shall grant an extension for cause shown.

Berks County Rule of Civil Procedure 1920.55.

¶ 7 Contrary to Appellant's assertion, the Trial Court's opinion provides that at the time of the hearing on the exceptions no transcripts had been filed with the prothonotary. Moreover, the Trial Court explained that it "contacted [the court reporter] the week before argument on [Appellant's] exceptions was scheduled, and learned that no party had ordered transcripts in this matter. Neither has any motion ever been made to extend the time within which to file a transcript."[5] Trial Court Opinion, *supra* at 3. Appellant's

---

4. *See Rosselli v. Rosselli,* 750 A.2d 355 (Pa.Super.2000) (appeal quashed due to appellant's failure to comply with the Rules of Appellate Procedure regarding reproduced record).

5. We note also that no transcripts have been included in the certified record.

argument that the Trial Court could not determine whether transcripts had been ordered is meritless.

¶ 8 Appellant further argues that he believed that because of the lapse of time between the final hearing and the filing of the Master's report he would have had an opportunity to present additional evidence at an additional hearing. We agree that a good deal of time passed between the final Master's hearing and the filing of the Master's report; however, this argument does not excuse Appellant from the requirement of having to order and file the transcripts of the Master's hearings once the Master's report was filed. It should have been apparent to Appellant when the report was filed that an additional hearing would not be scheduled. It is noted that between the time of the final hearing on June 10, 1999 and the filing of the Master's report on December 27, 2000 Appellant did not request a hearing nor did he request permission to submit additional evidence to the Master for consideration. In his exceptions, Appellant objected to the findings and recommendations made by the Master. Without the transcripts of the hearings, it would be impossible for the Trial Court to address the exceptions without taking testimony and making its own findings of fact. Were the Trial Court to do so, it would be unnecessary to appoint a master.

¶ 9 We find this case analogous to *DeFazio v. Labe*, 518 Pa. 390, 543 A.2d 540 (1988) in which a motion for judgment n.o.v. or new trial was dismissed due to appellee's failure to comply with a Philadelphia County local rule which required counsel filing exceptions or post trial motions to order notes of testimony. Appellee, Dr. Guttman, sought judgment n.o.v. or a new trial. Philadelphia Civil Rule 240 provides in part that "counsel filing exceptions or post-trial motions shall insure that the notes of testimony, if required, are ordered from the court reporter and shall notify the Post–Trial Motion Clerk in writing when the notes have been ordered ... Failure to order the notes of testimony ... shall result in the imposition of sanctions including the dismissal of the exceptions or motions." *Id.* at 397–98, 543 A.2d at 544, quoting Philadelphia Civil Rule 240(4). Guttman's counsel ordered the notes of testimony, but failed to pay the required deposit until over three months later. The trial judge dismissed the post trial motion, holding that one does not effectively order the notes of testimony until the conditions for ordering have been met. Our Supreme Court agreed with the trial court that "the rule requiring counsel to order a transcript necessarily included a requirement that counsel arrange for payment for the transcript so that it would be prepared and made available to the court." *Id.* at 399–400, 543 A.2d at 545. The Court explained that a "transcript order is required to be placed promptly so that there will be a transcript and a prompt disposition of the pending motions." *Id.* at 400, 543 A.2d at 545. It further explained that the rule is intended to "permit the court to exert a measure of control over post-trial proceedings." *Id.* Although Pennsylvania Rule of Civil Procedure 126 provides that rules are to be liberally construed, it was not intended to "prohibit a court from providing procedures which will insure that matters before the court are disposed of expeditiously." *Id.* at 401, 543 A.2d at 546. The Supreme Court concluded that the trial court did not abuse its discretion in strictly enforcing the local rule and dismissing the post trial motion because counsel failed to order the transcripts as required.

¶ 10 In the case *sub judice*, local rule 1920.55 facilitates the efficient administration of justice by enabling the trial court to "insure that matters before the court are

disposed of expeditiously." *Id.; see also Kovach, supra.* The Trial Court properly dismissed Appellant's exceptions for failure to comply with the local rules, and a remand to allow Appellant to submit additional evidence is unwarranted.

¶ 11 Moreover, even had we determined that the exceptions were not properly dismissed, Appellant's failure to provide the transcripts as required, prevents both the Trial Court and this Court from addressing the merits of Appellant's exceptions. A party to an appeal may request that the trial court supplement the record with anything material which has been omitted from the record, and a supplemental record may be certified and transmitted to this Court. Pa.R.A.P.1926 (Correction and modification of the record). "It has repeatedly been held by our courts that the burden to produce a complete record for appellate review rests solely with the appellant." *Commonwealth v. Chopak,* 532 Pa. 227, 236 n. 5, 615 A.2d 696, 701 n. 5 (1992).

¶ 12 Application to Quash denied. Divorce decree affirmed. Jurisdiction relinquished.