# Brown v. Sloane

*Blake L. Berenbaum* and *Jacob N. Snyder,* for plaintiffs.

*Robert E. Dillon* and *Kathleen M. Kramer,* for defendants.

LACHMAN, *J.,* February 17, 2011—Meaningful appellate review in this case is impossible because there is no record for the Superior Court to review. The appellant, Gregory Brown, refuses to pay the fee of the court reporters for the transcription and certification of the notes of testimony of this five day trial. This appeal should be dismissed sua sponte by the Superior Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant-plaintiff Gregory Brown was diagnosed with prostate cancer on March 14, 2006. His primary care physician referred him to defendant Bruce B. Sloane, M.D., a urologist. Dr. Sloane performed radical perineal prostatectomy surgery at defendant Penn Presbyterian Medical Center on June 12, 2006. When Dr. Sloane dissected the prostate from the rectum, there was a rectal

tear. Dr. Sloane completed the prostatectomy and the rectal tear was repaired by Dr. David Maron.

Plaintiff claimed that he was rendered impotent as a result of the surgical negligence of Dr. Sloane. On June 9, 2008, plaintiff filed this medical malpractice action against Dr. Sloane and his practice group, Philadelphia Urology Associates, P.C.; and against Penn Presbyterian Medical Center and its parent the University of Pennsylvania Health System.

After a five-day trial beginning on September 13, 2010, the jury returned verdicts in favor of all of the defendants on September 17, 2010. The jury answered special interrogatories and specifically found that Dr. Sloane was not negligent in the performance of the surgery and that he did not fail to obtain the informed consent of the plaintiff before performing the prostatectomy. The jury never reached the issues of causation or whether Dr. Sloane was an ostensible agent of Penn Presbyterian Medical Center.

Plaintiff timely filed a post-trial motion on September 27, 2010, seeking a judgment notwithstanding the verdict or a new trial. After briefing by the parties, the court heard oral argument on the motion on December 10, 2010. None of the issues raised by the plaintiff had merit and the court denied the motion and entered judgment in an order dated December 14, 2010.

## FAILURE TO PAY FOR THE NOTES OF TESTIMONY

Jacob Snyder, Esquire, and the law firm of Richman, Berenbaum & Associates, PC, represented Mr. Brown at trial and continues to represent him on appeal. On the

first day of trial, September 13, 2010, Mr. Snyder signed a transcript order form requesting "daily (next day)" copies of the notes of testimony from the court reporter, Douglas J. Zweizig, R.D.R., C.R.R.

To meet the extra burden of producing daily copy, an additional court reporter, Shannan Gagliardi, R.P.R., C.R.R., was assigned to the case. Mr. Zweizig produced the transcript of the morning sessions of the trial and Ms. Gagliardi produced the transcript of the afternoon sessions. Mr. Zweizig and Ms. Gagliardi will be referred to collectively as "the court reporters."

Pursuant to the contract with Mr. Snyder, the court reporters gave to Mr. Snyder daily copy of the notes of testimony of the morning and afternoon sessions for the first four days of the trial, September 13-16, 2010. Mr. Snyder did not request a copy of the last day of trial, September 17, 2010, which is the day the charging conference was completed, the jury was charged and rendered its verdict.

The court reporters sent separate invoices to Mr. Snyder on September 22, 2010, each of which demanded payment within two weeks of $3,328, or a total due of $6,656. Mr. Snyder and his firm continually failed and refused to pay the court reporters for their transcription of the notes of testimony despite repeated demands for payment.

Despite not having paid for the notes of testimony, Mr. Snyder extensively made use of them and referred to them in his brief supporting his post-trial motions. At the oral argument of the post-trial motions on December 10, 2010, the trial court warned Mr. Snyder that if he failed to pay the court reporters for their work, a certified copy of the transcript would not be sent to the appellate court in the

event of an appeal. A copy of the colloquy between the court and Mr. Snyder is attached hereto as Exhibit "A."[1]

After Mr. Snyder filed the appeal in this case, the trial court entered an order pursuant to Pa.R.A.P. 1925(b), requesting a statement of the errors that were to be raised in the appeal. In addition, the order required Mr. Snyder to certify whether "the court reporters have or have not been paid on behalf of plaintiff/appellant Brown for the trial notes of testimony ordered on behalf of plaintiff/appellant Brown."

Mr. Snyder served his 1925(b) statement upon the trial court on February 9, 2011. Attached to the statement was a certification by Mr. Snyder that "the court reporters have not been paid for the trial Notes of Testimony ordered on behalf of plaintiff/appellant Brown." The many citations to the notes of testimony in Mr. Snyder's 1925(b) statement are to the daily copy which is not part of the certified record on appeal.

On December 28, 2010, the court reporters sued Mr. Snyder and his law firm in Philadelphia Municipal Court at No. SC-10-12-28-6152, seeking $6,656 plus $105.50 in court costs. On February 11, 2011, the court reporters obtained judgments by default against Mr. Snyder and his law firm in the amount of $6,761.50, when they failed to appear at the trial of that case.

As of the date of this opinion, Mr. Snyder and his law firm have not paid the court reporters for their transcription of the notes of testimony. Consequently, the certified record on appeal transmitted to the Superior Court in this

---

1. The colloquy was transcribed at the request of the trial court. It was produced by a third court reporter and not by Mr. Zweizig or Ms. Gagliardi.

case will not contain the notes of testimony of the trial.[2]

## DISCUSSION

Rule 1911 of the Pennsylvania Rules of Appellate Procedure provides in relevant part as follows:

Rule 1911. Request for transcript

(a) General rule. The appellant shall request any transcript required under this chapter in the manner and *make any necessary payment or deposit* therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters).

\*\*\*\*\*

(d) Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include *dismissal of the appeal.*

> Note:...It is the responsibility of the appellant to contact the court reporter to ascertain whether a deposit will be required and the amount thereof, and to make the deposit. *The court reporter is under no obligation to proceed in the absence of a required deposit, and under Pa.R.J.A. 5000.11(b) is under no obligation to certify and file the transcript in the absence of full payment or adequate security therefor.* While delay in payment, and any resulting

---

2. The certified record also will not contain the transcript of the argument on post-trial motions because appellant never ordered the transcription of the argument.

> delay in certification and filing of the transcript, does not automatically affect the validity of the appeal, under subdivision (d) the appellate court may impose other sanctions in an appropriate case. Compare Rule 902 (manner of taking appeal) and Rule 2101 (conformance with requirements). Pa.R.A.P. 1911 (emphasis added).

Absent a transcript of the trial, the Superior Court is without an adequate record to decide whether any of the issues raised in appellant's Pa.R.A.P. 1925(b) statement have merit. Cf., *Ferrante v. Ferrante*, 791 A.2d 399, 403 (Pa. Super. 2002) ("appellant's failure to provide the transcripts as required, prevents both the trial court and this court from addressing the merits of appellant's exceptions.").

Consequently, all of appellant's issues are waived for the purposes of this appeal. See, *Stumpf v. Nye*, 950 A.2d 1032, 1041 (Pa. Super. 2008) (since the plaintiff did not provide the Superior Court with a transcription of the charging conference, the Superior Court had no basis upon which to review plaintiff's objection to a jury instruction and the issue was waived); *Growall v. Maietta*, 931 A.2d 667, 676 (Pa. Super. 2007 ) (appellant's claim was deemed waived by his failure to ensure that his trial testimony was transcribed and made a part of the certified record); *General Equip. Mfrs. v. Westfield Ins. Co.*, 635 A.2d 173, 183 (Pa. Super. 1993) ("Instantly, Westfield has neither furnished a transcript of the oral argument of its motion to compel production of documents before Judge McGowan nor attempted to reconstruct these proceedings in accordance with Pa.R.A.pp.R. [sic] 1923. Thus, this court

is without a clue as to what transpired at the oral argument or upon what basis Judge McGowan denied Westfield's motion to compel the production of documents"); *Kaplan v. O'Kane,* 835 A.2d 735, 742 (Pa. Super. 2003) ("we have no evidence of appellant's request for a continuance, any argument he made with regard thereto, or Judge Tereshko's reasons for denying appellant's request. appellant has not provided this court with a transcript from any argument which may have occurred before Judge Tereshko, he did not file an affidavit as was suggested by Judge Snite, and, in fact, the certified record does not even contain a motion for a continuance. As it is an appellant's duty to ensure that the certified record is complete for review, we find appellant's final issue to be waived."); *Gustison v. Ted Smith Floor Prods.,* 679 A.2d 1304, 1308 (Pa. Super. 1996) ("The docket reveals that a pre-trial conference was held on February 23, 1993, when, we may surmise, the evidentiary matters now complained of were resolved. However, there is no transcript of that hearing in the official record. It is appellants' burden to provide a sufficient record to guide the appellate court in its examination of the issues raised. appellants' failure to provide such a record and argument for the instant claim substantially hinders our ability to address this issue, which is, accordingly, waived."); *School District of the Borough of Aliquippa v. Maryland Casualty Co.,* 587 A.2d 765, 769 (Pa. Super. 1991) (all claims concerning trial court's allowance of the late filing of an answer to the joinder complaint were waived because appellants failed to furnish the court with a transcript of the hearing at which the trial court granted the additional defendant's motion to file the late answer); *Smith v. Smith,* 637 A.2d 622, 623-624 (Pa. Super. 1993)

(appellant's failure to ensure that the record contains the transcript of a support hearing "constitutes a waiver of the issue(s) sought to be examined").

It was the responsibility of the appellant, not the trial court, to order and pay for the transcription of the notes of testimony. *Commonwealth v. Steward*, 775 A.2d 819, 833 (Pa. Super. 2001) See, *Smith v. Smith*, 637 A.2d at 624 n.6 (quashing appeal because appellant failed to include the hearing transcript in the record; "This nonfeasance is not to be condoned, nor is it to be remedied by Superior Court taking the initiative to secure the record below and to guarantee that all needed documents have been made a part of the official record.").

## CONCLUSION

Because the trial court and the Superior Court "have been presented with no evidence of record to support the relief requested by the appellant, the course to pursue is well-marked and directs that, where the appellant is remiss in fulfilling the duty to provide a record which is sufficient to permit meaningful appellate review as is the case here, the appeal *must be quashed*." *Smith v. Smith*, 637 A.2d at 624 (emphasis in the original, internal quotation marks, brackets, and case citations omitted).

For the foregoing reasons, it is respectfully submitted that the Superior Court should dismiss the appeal of Gregory A. Brown because meaningful appellate review is impossible due to his failure to pay for the notes of testimony of the trial and to ensure that the transcripts are part of the certified record on appeal.

Exhibit "A"

IN THE COURT OF COMMON PLEAS FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL-TRIAL DIVISION

GREGORY A. BROWN,    JUNE TERM, 2008
Plaintiff                )
vs.                      )
BRUCE B. SLOANE, M.D.;   )    NO. 1323
PHILADELPHIA UROLOGY ASSOC.,)
P.C.; PHILADELPHIA UROLOGY,  )
UNIVERSITY OF PENNSYLVANIA  )
HEALTH SYSTEM, Individually,   )
and d/b/a PENN PRESBYTERIAN   )
MEDICAL CENTER; and        )
PENN PRESBYTERIAN MEDICAL   )
CENTER,                   )
Defendants                )

December 10, 2010 Excerpt from Post-Trial Motion Hearing

Courtroom 682 City Hall Philadelphia, PA

BEFORE: HONORABLE MARLENE F. LACHMAN REPORTED BY: CATRINA G. MULLER, RPR, CRR
APPEARANCES:
JACOB N. SNYDER, ESQUIRE
BLAKE BERENBAUM, ESQUIRE
Richman, Berenbaum & Associates, P.C.
Two Penn Center
1500 JFK Boulevard

Suite 411

Philadelphia, PA 19102 Counsel for the Plaintiff

ROBERT E. DILLON, ESQUIRE

Naulty, Scaricamazza & McDevitt, LLC

One Penn Center at Suburban Station

1617 JFK Boulevard

Suite 750

Philadelphia, PA 19103

Counsel for the Defendants Bruce B. Sloane, M.D. & Philadelphia Urology Assoc., P.C.

CHRISTINE T. MCMILLAN, ESQUIRE

Marshall, Dennehey, Warner, Coleman & Goggin

1845 Walnut Street

Philadelphia, PA 19103

Counsel for the Defendants University of Pennsylvania Health System, Individually, and d/b/a Penn Presbyterian Medical Center and Penn Medical Center

THE COURT: Good afternoon, Ladies and Gentlemen.

We're here for post-trial motions in the matter of Gregory A. Brown versus Bruce B. Sloane, m.D.; Philadelphia Urology Associates, PC; Philadelphia Urology; University of Pennsylvania Health System, individually and doing business as Penn Presbyterian Medical Center; and Penn Presbyterian Medical Center.

Mr. Snyder, you made a request in your post-trial motion for leave to amend your motion once you receive the certified

transcript from the Court Reporter.
You have not received that yet;
have you?

MR. SNYDER: No, Your Honor.

THE COURT: Normally, I am very generous on that issue and grant such motions. In your case, I will not grant it, because, A, there were -- you requested daily copy, and you received daily copy, and the copy, according to my court reporters, has not been paid for.

COLLOQUY

And the reason that a certified copy has not been issued to you is because it has not been paid for; and according to Mr. Zweizig, there has been -- and he has sent me copies of -- numerous e-mails addressed to you seeking payment, the most recent having been December 3rd, in which he had indicated that he expected payment no later than December 8th.

Our court reporters work very hard, and daily copy is extremely strenuous. In many cases, it means they work through the night. They are entitled to be paid both by rule of Court and just common decency.

MR. SNYDER: I don't disagree, Your Honor.

THE COURT: I will point out to you that it is my understanding that our court reporters consider the failure -- the

use of a transcript without payment for it to be theft of services; and, furthermore, if for some reason you find it necessary to take an appeal, there will not be a certified copy to send up to the appellate

COLLOQUY

court unless the court reporters are paid, because they are, according to the rules, not required to provide a certified copy until that issue has been resolved.

I take it there is no need for me to say further on the subject?

MR. SNYDER: No, Your Honor.

THE COURT: And just so that we're clear, there are two court reporters involved in this. Since daily copy was requested, there was a morning and an afternoon court reporter.

I believe there was one day that dally copy was not requested, and that was also a part of your request for a certified transcript.

MR. SNYDER: That's correct, Your Honor.

(End of Excerpt.)

## CERTIFICATION

I, CATRINA G. MULLER, Registered Professional Reporter, Certified Realtime Reporter, in and for the Commonwealth of Pennsylvania, do hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me on the trial of the above cause, and that this copy is a correct transcript of the same.

I FURTHER CERTIFY that I am neither attorney nor counsel for, nor related to or employed by any of the parties to the action in which this trial was taken, and further that I am not a relative or employee of any attorney or counsel employed in this action, nor am I financially interested in this case.

The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the direct control and/or direction of the certifying Court Reporter.

Catrina G. Muller, RPR, CRR