544 A.2d 1318

BENSALEM TOWNSHIP SCHOOL DISTRICT, and Robert Dewey in his own right and on behalf of all other taxpayers of Bensalem Township, and Mark Jaskolka, a minor by Andrew Jaskolka, his parent and natural guardian, in his own right and on behalf of all other school aged children in Bensalem Township, Appellants,

v.

COMMONWEALTH of Pennsylvania, and the Treasurer of Pennsylvania, and the Secretary of Education of Pennsylvania, Appellees.

Supreme Court of Pennsylvania.

Argued Dec. 11, 1987.

Decided July 29, 1988.

James M. McMaster, Newtown, for appellants.

John G. Knorr, III, Andrew C. Warshaw, Office of Atty. Gen., Harrisburg, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This case comes to us on direct appeal from the order of the Commonwealth Court entering summary judgment in favor of appellees, the Commonwealth of Pennsylvania, the Treasurer of Pennsylvania, and the Secretary of Education of Pennsylvania. Appellants are the Bensalem Township School District, Robert Dewey, and Andrew Jaskola as guardian of Mark Jaskola, 105 Pa.Cmwlth. 388, 524 A.2d 1027 (1987). Mr. Dewey claims standing as a taxpayer, while Mr. Jaskola claims standing on behalf of his minor son who is a student in the Bensalem school.

This case was initiated by appellants, who filed for declaratory and equitable relief seeking to have the statutory scheme for the funding of Commonwealth public schools declared unconstitutional. Appellants challenged the statute as being irrational and arbitrary on its face, and violative of equal protection as applied.

The action was filed in *1984*. Thereafter, it languished in the Commonwealth Court due solely to appellants' inactivity

in prosecuting the claim.[1]  Eventually, however, appellants filed a motion for summary judgment.

This motion asserted that the statute was unconstitutional on its face.  There were no supporting affidavits or depositions filed with the motion, except for an affidavit from appellants' counsel in which he made various allegations of proof but offered no concrete support.

Respondents resisted appellants' motion for summary judgment, but did not themselves move for summary judgment.  The Commonwealth Court denied appellants' motion, and then entered summary judgment in favor of respondents.

Appellants have now filed a direct appeal to this Court in which they raise two issues: the first challenges the lower courts' denial of the motion for summary judgment; and the second challenges the entry of summary judgment in favor of a non-moving party.  For present purposes we need only address appellants' second issue.

Summary judgment proceedings are governed by Pennsylvania Rule of Civil Procedure 1035, which provides:

Rule 1035.  Motion for Summary Judgment

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

*Note:* See Definition Rule 76 for definition of "affidavit."

1.  After appellees filed an answer to the complaint, appellants took no further action.  On October 17, 1985, the Commonwealth Court issued a rule to show cause why the case should not be dismissed.  In their answer appellant maintained that they were attempting to resolve the problem through legislative action.  The Commonwealth Court dismissed the rule and directed appellants to file a status report on or before May 19, 1986.  The report was not filed until July 11, 1986, stating basically that the legislature provided only partial relief, and that appellants would file a motion for summary judgment.  Said motion, which is the motion with which we are presently concerned, was not filed until more than three months later.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

(c) If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(d) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not

so respond, summary judgment, if appropriate, shall be entered against him.

(e) Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(f) Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Pa.R.Civ.P. 1035. Nothing in this rule intimates that a court may grant summary judgment in favor of a non-moving party. In fact, the rule expressly limits the courts' power to grant summary judgment to those situations where "the *moving party* is entitled to a judgment as a matter of law." Pa.R.Civ.P. 1035(b) (emphasis added). Additionally, no decision of this Court has ever authorized the entry of summary judgment in favor of the non-moving party under Rule 1035.

The Commonwealth Court, however, relied upon the case of *Allegheny County Port Authority v. Flaherty*, 6 Pa. Cmwlth. 135, 293 A.2d 152 (1972), to support its ruling. Such reliance was misplaced.

In the *Flaherty* decision the Commonwealth Court gave apparent approval to the entry of summary judgment in favor of a non-moving party. However, the court's comments were not necessary to a resolution of the case, since the court ultimately entered judgment in favor of the moving party; therefore, the comments were pure dicta. Furthermore, the situation presented in *Flaherty* was some-

what unique, and, as the court there recognized, the procedural history of that case was "far from a model of pleading procedure or presentation," *Id.* at 145, 293 A.2d at 258.

The decision in *Flaherty* should be limited to its facts, and we do not find it persuasive authority upon which to affect a change in the operation of our procedural rules.

We note that in the case of *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955), this Court did permit judgment to be entered against a non-moving party under Rule 1034. *Cf. Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971).[2] However, there are distinctions between the two rules, and our decision there is not dispositive of a motion brought pursuant to Rule 1035. Rule 1034 provides:

Rule 1034. Motion for Judgment on the Pleadings

(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment in the pleadings.

(b) The court shall enter such judgment or order as should be proper in the pleadings.

Pa.R.Civ.P. 1034.

Any party may seek judgment on the pleadings or summary judgment. While these motions may supplement each other, and be made at the same time, there is a distinct difference between them, and each should be distinctly and procedurely named, pleaded, and argued in its own right.

A rule 1034 motion for judgment on the pleadings can be used as a motion to test whether such a cause of action as pleaded exists at law, and in that way "is in the nature of a demurrer." *Bata v. Central Pennsylvania National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174, 178 (1966). "It [the motion] is limited to the pleadings them-

2. In *Paulish v. Bakaitis*, 442 Pa. 434, 275 A.2d 318 (1971) this court held that judgment on the pleadings cannot be entered *sua sponte.* The opinion admits of the possible interpretation that a court cannot enter judgment in favor of a non-moving party. Today, we expressly disapprove of that interpretation, and limit the Courts' holding in *Paulish* to the effect that a court must at least be presented with a motion by one of the parties before it can consider the sufficiency of the pleadings.

selves and no factual material outside the pleadings may be considered." *Goodrich Amran*, 2d § 1035:1, p. 423. The issue in such a case is not whether the facts support the action, but whether there is such an action under the law. The instant case is a clear example: the appellants challenge the constitutionality of a statute, arguing that the statute in question cannot support the allocation of educational subsidies in a certain way because the constitution prohibits it and therefore there is no law to support it.

Such a contention differs from a Rule 1035 motion. Rule 1035 "is designed to supplement the motion for judgment on the pleadings to provide for an equivalent summary disposition of the case where the pleadings may be sufficient, on their face, to withstand a demurrer but where, in actuality, there is no genuine issue of fact and this can be conclusively shown through depositions, answers to interrogatories, admissions or affidavits." *Id.* § 1035(a):3, p. 427.

If, under Rule 1034, a court holds that a cause of action is absolutely barred it does not matter that the court enter judgment in favor of the non-moving party because there is simply no such action and the matter ends.[3] "It would be irrational to deny judgment on the pleadings to a party rightly entitled thereto simply because he happened not to be the party who made the motion." *Boron, supra*, 380 Pa. at 102, 110 A.2d at 171.[4]

A motion for summary judgment under Rule 1035 is radically different because the issue is whether the moving party has *established*, by virtue of a developed pretrial record, the cause of action or defense he has pleaded; or, alternatively, whether there is a genuine issue of fact for

3. Similarly, where a defendant has filed for judgment on the pleadings admitting liability but asserting an avoidance defense, e.g. statutory immunity, the failure of the moving defendant necessarily means that the plaintiff's action succeeds. Thus, it would serve no purpose for the presiding judge to refuse to enter the appropriate judgment until the plaintiff then files a *pro forma* motion.

4. Additionally, Rule 1034 is not as limited in its grant of power as is Rule 1035, and it empowers a judge to "enter such judgment or order as shall be proper in the pleadings."

decision. The motion, however, does not concede that the adversary's case can be proved; and because the movant does not concede the converse facts a non-movant has received no benefit and is not entitled to a judgment under the plaintiff's motion. Therefore, in a motion for summary judgment only the moving party can prevail, because if he fails, a dispute continues on the facts themselves.

The irony of the present case is that appellants filed a Rule 1035 summary judgment motion, when they should have filed a Rule 1034 judgment on the pleadings motion. The latter motion was the appropriate one since the basis of appellants' motion was that the pleadings alleged the facial unconsitutionality of the statute, and no evidence was necessary to rule on this claim. The Commonwealth Court accepted appellants' procedural designation and ostensibly decided this case under the guise of a summary judgment motion. However, the rationale they applied was derived from *Boron v. Smith, supra* which, as we have stated, only applies to Rule 1034 motions.

While we agree with the Commonwealth Court that the issue presented in this case was of a type, as in *Boron*, which could be decided in favor of the non-moving party, the court erred in perpetuating appellants' error in labelling this motion as one for summary judgment. The court should have recognized this error and made it clear that they were treating appellants' motion as one brought pursuant to Rule 1034. This was permissible under Pa.R.Civ.P. 126.[5]

The importance of clarifying the nature of appellants' motion, and the concomitant procedural basis for the Commonwealth Court's ruling, becomes manifest when we consider the asserted claims of the appellants. As stated above appellants in their complaint asserted two bases for relief: first, that the school subsidy program was unconsti-

---

5. Rule 126 provides in relevant part:
   The court at every stage of any ... action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

tutional on its face, a purely legal question requiring no development of evidence; and second, that the program was unconstitutional as applied, a factual question requiring appellants to demonstrate at a minimum the unreasonably disparate effects alleged to result from this funding scheme.[6]

Appellants' motion for judgment addressed itself only to the first basis of relief. However, there is no indication that by filing this motion appellants intended to abandon their second position; and the denial by the Commonwealth Court of appellants' attack on the face of the statute, was not dispositive of appellants' "as applied" position. Therefore, since appellants still maintain a viable cause of action, it was improper to enter summary judgment against them on the entire case.[7]

Therefore, we must remand this case to the Commonwealth Court for further consideration consistent with this opinion.[8]

LARSEN and PAPADAKOS, JJ., file dissenting opinions.

LARSEN, Justice, dissenting.

I dissent.

If appellants' motion for summary judgment had been denied because Commonwealth Court had found that material facts were in dispute, I would agree with the majority.

6. Appellants' burden would also require them to prove that there is an alternative system which would more likely achieve the desired goal of greater parity.

7. At this time we need not address the propriety of the Commonwealth Court's decision regarding appellants' facial constitutional challenge. Since appellants maintain a viable claim, i.e. establishing the unconstitutionality of the statutory scheme as applied, they are not out of court and the Commonwealth Court's ruling is interlocutory.

8. We note that appellants' prosecution of this case has been less than vigorous. See footnote 1, supra. Should this pattern of behavior continue, appellees would be within their rights to seek a judgment of non pros, the entry of which would be reversible only if the lower court abused its discretion.

*Neither* party, however, alleged that material facts were in issue,[1] and Commonwealth Court determined that there was no genuine issue of fact to be resolved. The moving parties were not conceding "the converse facts." Maj. op. at 587–588. The moving parties were declaring that there were no converse facts in the case. When Commonwealth Court resolved the legal issue in the case against the moving parties, appellants herein, there was nothing left for the court to adjudicate. As noted by the Honorable John A. MacPhail, the interests of judicial economy are served in this instance by entering judgment in favor of appellees, the non-moving parties.

By finding, sua sponte, that there *may* be facts in dispute, the majority ensures that litigation in this matter will continue indefinitely. I would hold, therefore, that summary judgment may be entered in favor of a non-moving party where there is no genuine issue of fact to be resolved and the moving party cannot, as a matter of law, prevail.

Accordingly, I would affirm the order of Commonwealth Court, entering judgment in favor of appellees.

PAPADAKOS, Justice, dissenting.

I join the dissent of Mr. Justice Larsen and state that if the Court can find it in its heart (for it would be lodged nowhere else) to deny a verdict winner the right to move for judgment n.o.v., not because the appropriate Pa. Rule of Civil Procedure 230 prohibits the motion, but solely because the court believes that the verdict winner cannot prevail on its motion (and this before the merits are presented),[1] then the same heart should rule in this case and let not a

1. Appellants' brief in support of their Motion for Summary Judgment states, in relevant part:

   Plaintiffs', by the Motion for Summary Judgment, seek to obtain a decision or determination on the statutory provisions involved. The summary judgment, if denied would essentially leave Plaintiffs out of Court.

1. See, *DeFazio v. Labe, et al.,* 518 Pa. 390, 543 A.2d 540 (1988).

technical defect which prejudices no one deny the legally. correct party its summary judgment.