555 A.2d 1284

**SIDKOFF, PINCUS, GREENBERG &
GREEN, P.C., Appellant,**

**v.**

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY
INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1988.

Decided March 15, 1989.*

* This decision was considered and rendered prior to March 7, 1989.

Neil A. Morris, Philadelphia, for appellant.

464

Christopher J. Pakuris, Philadelphia, Janet W. Mason, Bryn Mawr, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

McDERMOTT, Justice.

In this matter relief is sought from the order of the Superior Court which quashed appeals filed from the orders of the Court of Common Pleas of Philadelphia County. Appellant, the firm of Sidkoff, Pincus & Green, P.C.,[1] filed a lawsuit seeking damages for an alleged breach of a comprehensive "Businessowners" policy issued by appellee, the Pennsylvania National Mutual Casualty Insurance Company ("National Mutual"). Appellee had refused to pay a portion of appellant's claim, which had been filed as a result of a fire at the firm's offices. The insurance carrier made partial payment on the claim, but declined that portion of the claim relating to the replacement of acoustical ceiling tiles found within the office. Appellee's position, as stated in its answer to the complaint, was that the cost of replacing the ceiling tiles was excluded from coverage under the policy.

Following discovery, appellant filed a motion for summary judgment on April 29, 1986, pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure. This motion asserted that the insurer was liable under two separate provisions of the policy and that the clear language required payment of the claim. National Mutual again denied liability based on the exclusion contained in the policy.

On June 25, 1986, the Honorable Alfred J. DiBona, Jr., denied appellant's motion for summary judgment. Addi-

---

1. At the time of this action the firm's name was appellant, Pincus, Greenberg & Green, P.C.; hence the discrepancy in the names.

tionally, he stated that National Mutual was not liable under the policy:

## ORDER AND OPINION

AND NOW, this 25th day of JUNE, 1986, upon consideration of plaintiff's answer thereto, it is hereby ORDERED AND DECREED that plaintiff's motion is denied.

This Court having reviewed the pleadings, depositions, and exhibits finds as a matter of law that plaintiff and defendant agreed that no liability should rest upon defendant in accordance with section II, E4 of the parties [sic] insurance contract which provide [sic] for exclusions of liability for certain other contracts entered into by plaintiff as follows:

'... liability assumed by the insured under any contract of agreement accept [sic] a contract is [sic] defined in this policy; ...'

'contract means any written contract or agreement wherein the named insured has expressly assumed liability for damages to which this policy applies ...'

Accordingly, since plaintiff entered into a lease agreement with landlord Penn Mutual for the latter to install specific accoustical [sic] tiles, the nature of which were fixtures; this Court finds defendant is not liable for the resulting loss and/or damage.

Given the sophistication of plaintiff, a law firm and defendant, we will not rewrite the contract of insurance to impose liability where none was intended. *Hionis v. Northern Mutual Insurance Co.*, 230 Pa.Super. 511, 327 A.2d 363 (1974).

By the Court:
Alfred J. DiBona, Jr., J.

The parties interpreted this order to mean that judgment was being entered in favor of National Mutual, despite the fact that National Mutual had not filed a motion for summary judgment. This order was docketed on July 2, 1986.

The procedural road becomes twisted at this point. On July 3, 1986, appellant filed a motion for reconsideration, and requested the court to stay the proceedings pending a disposition of the motion. The court granted the requested stay on July 8, 1986, and stated that the appeal period would not expire until thirty days after the disposition of appellant's motion for reconsideration.

On September 11, 1986 the court denied appellant's motion and reinstated the summary judgment "Order and Opinion" of June 25, 1986.

On September 17, 1986, relying on the court's stay order, appellant filed its *first* appeal to the Superior Court docketed at No. 2604 Philadelphia 1986. In its reply brief National Mutual for the first time urged the Superior Court to quash the appeal as having been filed outside the appeal period. In support of its position National Mutual argued that on August 4, 1986, the appeal period ran from the July 2, 1986, docketing of the June 25, 1986, order. Appellant then asked leave to file a brief in response to National Mutual's request to quash the appeal. Superior Court denied this request. Meanwhile, appellant was informed by the Superior Court that there was no appealable order entered on the lower court's docket. Accordingly, on April 20, 1987, judgment was entered on the September 11, 1986, order denying reconsideration. Appellant then filed a timely appeal from the April entry of judgment. This was appellant's *second* appeal docketed at No. 1364 Philadelphia 1987.

On April 28, 1987, following oral argument before the Superior Court, appellant filed another petition to permit a post-submission response to National Mutual's motion to quash. This request was refused by the Superior Court on June 2, 1987.

The following day, June 3, 1987, appellant filed a praecipe to reduce to judgment the June 25, 1986, order. Appellant then filed its *third* appeal to the Superior Court on June 4,

1987. This appeal was taken from the June 3, 1987, entry of judgment. It was docketed by the Superior Court at No. 1582 Philadelphia 1987.

On June 16, 1987, the Superior Court granted appellant's motion for consolidation of its three appeals. Subsequently, on November 17, 1987, the court quashed all three appeals, holding that the two appeals filed from the trial court's September 11, 1986, order were improper since they were filed from a denial of reconsideration,[2] and the third appeal was held to have been filed beyond the thirty day appeal period, which the court interpreted as running from the docketing of the June 25, 1986, order denying summary judgment, 369 Pa.Super. 35, 534 A.2d 1066.[3]

Thereafter, on January 11, 1988, the Superior Court denied appellant's petition for reargument. Appellant then sought allowance of appeal, which was granted. We now reverse the order of the Superior Court.

**2.** Instructive to the concept that an application for reconsideration does not toll the appeal period is the explanatory note to Pa.R.A.P. 1701(b)(3), which states in relevant part:

Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court ... to grant reconsideration if action is taken during the applicable appeal period, which is not intended to include the appeal period for cross appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by taking of a 'snap' appeal. *The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc.* If the application lacks merit the trial court ... may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period. *If the trial court ... fails to enter an order 'expressly granting reconsideration' (an order that 'all proceedings shall stay' will not suffice) within the time prescribed by these rules for seeking review, subdivision (a) becomes applicable and the power of the trial court ... to act on the application for reconsideration is lost.* (Emphasis added).

*See also Merrick Estate*, 432 Pa. 450, 247 A.2d 786 (1968) ("The refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal.")

**3.** On this latter point Judge Beck dissented.

In this appeal the parties address a number of issues; however, at this juncture only one is germane: whether the Superior Court was correct in quashing the various appeals filed by appellant.

In resolving this issue we must first examine the basis of the Superior Court's actions. In each instance the Superior Court quashed appellant's appeal because the court perceived the appeal to have been improperly filed; and therefore the court deemed itself to be without jurisdiction.

■ The proposition that absent fraud or a breakdown in the courts the failure to timely appeal an order divests the appellate court of jurisdiction is irrefutable. *See West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). However, this rule is dependent upon a predicate, which is that the order in question must have been final and properly entered; for an appeal period cannot begin to run absent a valid order. *See Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). Unfortunately, for all concerned,[4] this requirement was never fulfilled in this case.

■ In this case there was only one motion for summary judgment filed, that of appellant. Despite the fact that National Mutual did not file a motion for summary judgment, Judge DiBona sought to finally dispose of the matter in National Mutual's favor. This he was not empowered to do.

Rule 1035 of the Pennsylvania Rule of Civil Procedure provides that summary judgment can be entered only in favor of a moving party. The rule provides that:

The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

4. Even appellant, who presently benefits from the finding that there was no valid final order, has been harmed in expending numerous hours on procedural gymnastics which were totally unnecessary.

the *moving party is entitled to a judgment as a matter of law.*

Pa.R.Civ.P. 1035(b) (Emphasis added). There exists no provision in the rules for summary judgment to be entered in favor of a non-moving party. Recently, we emphasized this point in *Bensalem Township School District v. Commonwealth*, 518 Pa. 581, 544 A.2d 1318 (1988), wherein we stated:

> Nothing in this rule intimates that a court may grant summary judgment in favor of a non-moving party. In fact, the rule expressly limits the courts' power to grant summary judgment to those situations where 'the *moving party* is entitled to a judgment as a matter of law.' Pa.R.Civ.P. 1035(b) (emphasis added). Additionally, no decision of this Court has ever authorized the entry of summary judgment in favor of the non-moving party under Rule 1035.

*Id.*, 518 Pa. at 585, 544 A.2d at 1320.[5]

In this case, as was the case in *Bensalem*, once the court ruled adversely to the party seeking summary judgment the court's authority to rule further was terminated. Everything thereafter was a nullity.

Consequently, when appellant sought to appeal this order it was in effect interlocutory.[6] Therefore, all the procedural wranglings that have occurred over the last two and one-half years were for naught, and the present procedural posture of this case is that a plaintiff's motion for summary judgment has been denied, period!

This Order and Opinion of the learned trial judge is the *bete noire* of the case. There is no doubt that the order can

---

**5.** Appellee attempted to argue that this Court in the *Bensalem* case announced a new rule which should not be retroactively applied to this case. This position is totally without merit. Our decision in *Bensalem* was based on a pre-existing Rule of Civil Procedure. Additionally, the issue here goes to the subject matter jurisdiction of an appellate court, an issue which may properly be raised at any time. *See Fried v. Fried, supra; Daly v. Darby Township School District,* 434 Pa. 286, 252 A.2d 638 (1969).

**6.** Ironically, the appeal could have been quashed on that basis.

be read as a summary judgment given to a non-moving party.  As stated above, we have recently held that such cannot be done.  Summary judgment cannot benefit a party that did not seek it.  *Bensalem Township School District v. Commonwealth, supra.*  There is no appeal from a summary judgment denied a moving party.  Such a ruling is interlocutory as the party remains in court.  There is an appeal from a summary judgment by a non-moving party when summary judgment ends the litigation and removes that party from court.

■  There is, as here, a nagging question of what a displaced party should do after they suffer summary judgment.  A petition for reconsideration of itself does not toll the time for appeal.  Before an appeal period can be tolled the *petition* must be granted and a hearing on that petition ordered.  Things being what they are in overcrowded dockets, a petition may, for any number of reasons, not be acted upon by the trial court.  Meanwhile, the appeal period is ineluctably running.  Unless the trial court grants the petition for reconsideration the appeal period is not tolled.  To put the matter as succinctly as possible; if they intend an appeal they must do both.  That is, they must first perfect their appeal and if they chose, file for reconsideration.  The period of appeal runs from the judgment and an unacted upon petition for reconsideration does not toll that period.  That is to say, that a trial court cannot stay any or all proceedings unless they grant the motion for reconsideration.

In the instant case, had the trial judge granted the motion for reconsideration, the appeal period would be extended until a new order of the trial court was issued.  The rule is explicit upon this point.

Therefore, this case is remanded to the Court of Common Pleas of Philadelphia County for proceedings consistent with this opinion.

STOUT, J., concurs in the result.