## Lewis v. Erie Insurance Exchange

C.P. of Clarion County, no. 515 CD 1998.

*Todd Berkey,* for plaintiffs.
*Terry R. Heeler,* for defendant.

ALEXANDER, *P.J.,* December 11, 1998—This matter comes before the court on a motion for summary judgment brought on behalf of Erie Insurance Exchange, defendant, pursuant to Pa.R.C.P. 1035.2.[1] This matter

---

1. The file in this case contains defendant's motion for summary judgment and brief in support thereof, plaintiffs' brief in opposition thereto, and plaintiffs' brief in support of plaintiffs' motion for summary judgment. The file does not, however, contain a motion for summary judgment filed by plaintiffs, nor is there a docket entry

is a declaratory judgment action brought by Robert A. Lewis, Linda S. Lewis, and Robert J. Lewis, plaintiffs. Plaintiffs seek to have this court declare that the insurance policy issued by defendant to Robert A. and Linda S. Lewis be reformed to provide the policyholders with uninsured motorist (UM) and underinsured motorist (UIM) coverages equal to the policy's bodily injury liability coverage, which is $500,000 per person and $500,000 per accident with the stacking option applicable. Defendant defends this action and requests summary judgment solely on the ground that Robert A. Lewis selected lower limits of UM and UIM coverage in compliance with section 1734 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1734. For the reasons that follow, the court will treat defendant's motion as a motion for judgment on the pleadings and grant judgment on the pleading to plaintiffs.

There are no disputes as to the material facts in this action. Defendant issued automobile insurance policy number Q06 0502942 N, the policy, to Robert A. and Linda S. Lewis. (Complaint ¶5; answer and new matter ¶5.) The effective dates of the policy were from June 5, 1997 to June 5, 1998. (Complaint ¶5; answer and new matter ¶5.) By the terms and conditions of the policy, the bodily injury liability coverages afforded to Robert A. and Linda S. Lewis were $500,000 per person and $500,000 per accident. (Complaint ¶7; answer and new matter ¶7.) The policy provided for UM

---

for one. The court will not treat plaintiffs' brief in support of their motion for summary judgment as a motion for summary judgment. Rather, as explained below, the court will treat defendant's motion for summary judgment as a motion for judgment on the pleadings and grant judgment on the pleadings to plaintiffs.

and UIM coverages in the amount of $50,000 per person and $100,000 per accident. (Complaint ¶7; answer and new matter ¶7.) The stacking option applied to the policy. (Complaint ¶7; answer and new matter ¶7.) Robert A. Lewis signed waivers for "reduced limits of uninsured motorist protection" and "reduced limits of underinsured motorist protection" dated November 23, 1992. (Complaint ¶11; answer and new matter ¶¶11, 12.) The waivers respectively contained requests for UM and UIM coverage in the amount of $50,000 per person and $100,000 per accident. (Complaint ¶11; answer and new matter ¶¶11, 12.) The reduced limits waivers appeared on a single page with forms for "rejection of uninsured motorist protection" and "rejection of underinsured motorist protection." (Complaint ¶11; answer and new matter ¶¶11, 12.)

Where a motion for judgment prior to trial presents a purely legal question requiring no development of evidence, it should be presented as a motion for judgment on the pleadings. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 588-89, 544 A.2d 1318, 1322 (1988). In such a case, it is appropriate for the court to enter judgment in favor of the prevailing party even if that party is not the moving party. *Id.* at 587, 544 A.2d at 1321. Here, it is undisputed that Robert A. Lewis signed reduced limits waivers that appeared on a single page with forms for "rejection of uninsured motorist protection" and "rejection of underinsured motorist protection." The outcome of this action depends solely on whether that fact invalidates the reduced limits waivers and requires this court to reform the policy to provide the policyholders with

UM and UIM coverages equal to the policy's bodily injury liability coverage. This is a purely legal question, so the court will treat defendant's motion as a motion for judgment on the pleadings. The court may, therefore, enter judgment in favor of plaintiffs.

This case is controlled by the recent opinion of a panel of the Superior Court in *National Union Fire Insurance Co. v. Irex Corp.*, 713 A.2d 1145 (Pa. Super. 1998). The panel in *Irex* held that an insurer must "strictly comply" with section 1731 of the MVFRL, 75 Pa.C.S. §1731, in order for an election of lower UM and UIM coverage limits under section 1734 to be valid. 713 A.2d at 1154. Section 1731 requires insurers to provide their named insureds with forms for "rejection of uninsured motorist protection" and "rejection of underinsured motorist protection." 75 Pa.C.S. §1731(b), (c). Section 1731 further requires insurers to place the rejection forms on separate sheets. 75 Pa.C.S. §1731(c.1). "Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." *Id.*

It is undisputed that defendant placed the section 1731 rejection forms on the same page, so the reduced limits waivers signed by Robert A. Lewis are invalid. Accordingly, the policy must be reformed to provide the policyholders with UM and UIM coverages equal to the policy's bodily injury liability coverage, which is $500,000 per person and $500,000 per accident with the stacking option applicable.

Hence, the following order:

### ORDER

And now, December 11, 1998, for the foregoing reasons, defendant's motion for summary judgment, which the court has treated as a motion for judgment on the pleadings, is denied. Judgment on the pleadings is entered in favor of plaintiffs. Automobile insurance policy number Q06 0502942 N, the policy, issued by defendant to Robert A. and Linda S. Lewis with effective dates from June 5, 1997 to June 5, 1998 is hereby declared and ordered to be reformed to provide the policyholders with uninsured motorist and underinsured motorist coverages equal to the policy's bodily injury liability coverage, which is $500,000 per person and $500,000 per accident with the stacking option applicable.