J-A06045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| G. CRAIG CABA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE "SAM" SMALL, WESLEY SMALL, AND THE HORSE SOLDIER LLC | |
| Appellants | No. 1263 MDA 2015 |

Appeal from the Order Entered July 10, 2015
In the Court of Common Pleas of Cumberland County
Civil Division at No: 2013-2638

BEFORE: LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2016**

Appellants, Maurice "Sam" Small, Wesley Small, and The Horse Soldier LLC, appeal from the July 10, 2015 order declaring rights in favor of Appellee, G. Craig Caba. We vacate and remand.

The trial court summarized the underlying facts in its Pa.R.A.P. 1925(a) opinion:

> [Appellee] is the owner of Civil War artifacts belonging to the 'J. Howard Wert Gettysburg Collection' (hereinafter 'Wert Collection'), which he purchased from Mr. and Mrs. John Cobaugh in 1970. On February 11, 1981, a burglary occurred at [Appellee's] home and several boxes of artifacts from the Wert Collection were stolen. [Appellee] never provided the police with a full inventory of the items that were taken following the burglary and [Appellee] never recovered any of the Wert Collection artifacts. [Appellee] described the artifacts that were stolen as 'rusted battlefield, relic/junk kind of stuff' and stated they were not items of 'terrific notoriety.'

[Appellants] are located in Gettysburg, Pennsylvania, and are in the business of selling Civil War artifacts. Sometime in 2007, [Appellee] became aware that [Appellants] were selling items purported to be from the Wert Collection. On November 27, 2007, [Appellee], through his [] counsel, [] sent a letter to [Appellants] about the Wert Collection items. In this 2007 letter, [Appellee] did not demand the return of the items, but rather requested that [Appellants] stop using the Wert Collection title to sell the items because he claimed they were not part of the Wert Collection. However, in his deposition [Appellee] admitted that he became aware in 2007 that [Appellants] were in possession of artifacts he claims are his.

Almost a year later, on October 20, 2008, [Appellee] had new counsel [] send a letter to [Appellants]. This letter included a list of items [Appellants] had for sale which [Appellee] believed were Wert Collection artifacts stolen from him in 1981. [Appellee] demanded the return of the items and also stated that if he did not receive the items by October 31, 2008, he reserved the right to pursue any legal action available to him. [Appellants] did not return the items by October 31, 2008.

Instead of pursuing a civil action after October 2008, [Appellee] informed the Cumberland County District Attorney's Office of his discovery that [Appellants] were selling stolen artifacts, specifically those Wert Collection artifacts stolen from him in 1981. The District Attorney's Office seized the artifacts in question on November 23, 2010, and convened a Grand Jury to investigate [Appellee's] claims. The Grand Jury did not return a presentment and the District Attorney's Office was ordered to return the artifacts to [Appellants] on April 2, 2013.

Trial Court Opinion, 9/24/2015, at 3-4 (footnotes omitted).

Appellee commenced this litigation on May 9, 2013, with a complaint alleging a cause of action in conversion and replevin and seeking return of items from the Wert Collection presently in Appellants' possession (the

"Disputed Items").[1]  Appellants filed preliminary objections to venue in Cumberland County, which the trial court overruled on June 27, 2013. Appellants then filed an answer, new matter and counterclaims, which they amended on September 20, 2013.  Among Appellants' counterclaims was a request for a declaration of their right to use "J. Howard Wert" or "J. Howard Wert Collection" to sell the Disputed Items.  Appellants moved for judgment on the pleadings, and the trial court denied that motion by order of February 27, 2014.  The parties proceeded to discovery, after which Appellants filed a summary judgment motion on March 6, 2015.  Appellee answered the motion on March 25, 2015, but did not file a cross motion for summary judgment.

On July 10, 2015, the trial court entered an order granting in part and denying in part Appellants' motion for summary judgment.  The trial court granted Appellants' motion as to Appellee's causes of action in replevin and conversion, concluding the applicable statute of limitations barred those actions.  That decision is not presently at issue.  The trial court's July 10, 2015 order denied Appellants' summary judgment motion on their request for declaratory relief, and instead declared rights adverse to Appellants. Specifically, the trial court concluded Appellants could not use "J. Howard Wert" or "J. Howard Wert Collection" to describe the Disputed Items.  The

---

[1] The parties apparently agree that the Disputed Items are part of the Wert Collection.

trial court's order did not grant summary judgment on Appellants' counterclaims for tortious and intentional interference with prospective contractual relations, and malicious prosecution, and those claims remain pending.[2]

Appellants argue the trial court erred in issuing a declaration of rights adverse to them. "Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence." ***Erie Ins. Grp. v. Catania***, 95 A.3d 320, 322, *appeal denied*, 104 A.3d 4 (Pa. 2014). "[W]e will review the decision of the lower court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence. The application of the law, however, is always subject to our review." ***Id.***[3]

---

[2] The trial court's final decision on Appellants' declaratory judgment claim is appealable pursuant to 42 Pa.C.S.A. § 7532.

[3] Appellants argue we should treat the trial court's order as an entry of summary judgment against Appellant and apply the summary judgment standard of review as if Appellee had been the moving party. We decline to do so because the trial court did not enter summary judgment as to all causes of action pending between the parties. We have jurisdiction over the trial court's declaration of rights because § 7532 of the Judicial Code defines declaratory relief as a final appealable order. We therefore apply the standard governing entry of declaratory relief.

In this case, we conclude the trial court committed errors of law and issued findings of fact not supported by the record. First, the question it decided—a declaration of rights **against** Appellants—was not properly before it, given the procedural posture of this case. As explained above, Appellants moved for summary judgment on their declaratory judgment claim. Appellee did not file an opposing motion for summary judgment on that cause of action. Thus, the trial court's choices were to grant Appellants' motion and enter summary judgment in their favor, or deny the motion and conduct further proceedings to resolve issues of material fact.[4] As our Supreme Court has written: "In this case there was only one motion for summary judgment filed, that of appellant. Despite the fact that [appellee] did not file a motion for summary judgment, [the trial court] sought to finally dispose of the matter in [appellee's] favor. This he was not

_____

[4] Summary judgment is appropriate:

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2

empowered to do." ***Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania Nat. Mut. Cas. Ins. Co.***, 555 A.2d 1284, 1287 (Pa. 1989).

Furthermore, the record fails to support the trial court's decision because Appellee has not asserted trademark infringement. Appellee's complaint alleged that "[b]eginning in 1863, Professor J. Howard Wert, a renowned Civil War veteran and historian, collected thousands of historical pieces of memorabilia, specifically relating to American history." Appellee's Complaint, 5/9/2013, at ¶ 5. Wert's collection includes memorabilia from the Revolutionary and Civil Wars, among other things. ***Id.*** at ¶ 6. The collection was sold to John and Vanita Cobaugh in 1957. ***Id.*** at ¶ 7. Both parties to this appeal trace their collection to the Cobaughs. Appellee alleges, however, that Wert's collection of memorabilia "was never to be broken up, and would always continue to be known as the 'J. Howard Wert Gettysburg Collection.'" ***Id.*** at 10. On August 25, 2009, Appellee trademarked the name "J. Howard Wert Gettysburg Collection." The official purpose of that trademark, as reflected in the records of the United States Patent and Trademark Office, is:

> Conducting educational exhibitions featuring art and artifacts on the subject of American history; educational services, name, lectures and seminars on American History and the preservation of artifacts[.]

Appellants' Amended Answer with New Matter and Counterclaims, 9/19/2013, at Exhibit A. According to Appellee, the Wert Collection is nationally known. Appellee's Complaint, 5/9/2013, at ¶¶ 11-13. Appellee,

through his complaint in replevin, sought the return of stolen items that are part of the Wert Collection.

In support of their declaratory judgment action, Appellants alleged:

103. [Appellants] have good cause to believe that [Appellee] will attempt to restrict and prevent [Appellants] from identifying any artifacts it will soon put up for sale as being from the collection previously owned by J. Howard Wert, based upon [Appellee's] registration of the Mark.

104. As evidenced by the averments of his Complaint, it appears that [Appellee] believes that he has a monopoly over all things associated with J. Howard Wert and the exclusive right to use the proper name J. Howard Wert in any matter.

Appellants' Amended Answer with New Matter and Counterclaims, 9/19/2013, at ¶¶ 103-04.

Appellee responded as follows:

103. The averment contained in Paragraph 103 is a conclusion of law to which no response is required. To the extent said averment are [sic] deemed averments of fact, it [sic] is denied. It is further stated that **[Appellants] have no right to place the J. Howard Wert Collection<sup>TM</sup> items in their possession for sale as they are not the rightful owners of the property; [Appellee] is the rightful owner.**

104. Denied. **Plaintiff has in no way attempted to "monopolize" the name J. Howard Wert, but merely has made every attempt to recover items which are the rightful ownership of [Appellee]** from [Appellants], and prevent [Appellants] from using the J. Howard Wert name in order to inflate the sale price for items which **they have no right to sell.**

Appellee's Answer to Appellants' New Matter and Counterclaims, 8/14/2013, at ¶¶ 103-04 (emphasis added). In other words, Appellee's goal in this litigation was to establish his right to possess the Disputed Items. In

- 7 -

paragraph 104, above, Appellee expressly disavowed any desire to "monopolize" the name J. Howard Wert. He did not allege any trademark infringement or seek to enjoin potential infringement. Rather, Appellee did not want Appellants to use the name "J. Howard Wert" to describe items they had no right to sell. Appellee has thus far failed to establish a lawful right of possession in the Disputed Items, and a grand jury did not charge Appellants with any criminal wrongdoing based on their possession of the Disputed Items. For these reasons, Appellants moved for summary judgment on their declaratory judgment claim. The trial court disagreed, and instead declared that Appellee has the right to prevent Appellants from using "J. Howard Wert" or "J. Howard Wert Collection" to describe the Disputed Items when Appellants offer those items for sale.

In summary, the trial court concluded: (1) that Appellee had trademark protection in "J. Howard Wert" and "J. Howard Wert Collection"; (2) that Appellants' use of those names to describe the Disputed Items for sale would not constitute fair use of Appellee's registered mark; (3) that "J. Howard Wert" was sufficiently distinct and had sufficient secondary meaning associated with Appellee's business to justify trademark protection in a proper name. Trial Court Opinion, 9/24/2015, at 7-11.

We consider these three findings in turn. With regard to Appellee's trademark protections,[5] the record establishes that Appellee has a registered trademark in the name "J. Howard Wert Gettysburg Collection." Appellee registered that mark for use in educational exhibitions, lectures, and seminars. Appellee has not registered "J. Howard Wert" or "J. Howard Wert Collection." The declaratory judgment pleadings contain the following relevant averments and admissions (in addition those already quoted above):

> 99. [Appellee's] exclusive right to use ["J. Howard Wert Gettysburg Collection"], if any, is limited solely to the "Goods and Services" specified in the Certificate of Registration for the mark.

> 100. Plaintiff cannot establish common law trademark rights in the name J. Howard Wert.

_____

[5] We observe:

> The tests for trademark infringement and unfair competition under the Lanham Act [15 U.S.C.A. § 1114] are essentially the same. Thus, to prevail on either claim, a plaintiff must demonstrate that: (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark causes a likelihood of confusion. Moreover, to establish a trademark infringement claim, the plaintiff bears the additional burden of showing that the defendant's use of the offensive mark is unauthorized.

**Brown & Brown, Inc. v. Cola**, 745 F.Supp.2d 588, 610-11 (E.D. Pa. 2010) (citations omitted). We need not offer a detailed analysis of trademark law. Our decision rests on the procedural impropriety of the trial court's action and a record that either fails to support or flatly contradicts the trial court's factual findings.

Appellants' Amended Answer with New Matter and Counterclaims, 9/19/2013, at ¶¶ 99-100. Appellee responded:

> 99. Admitted.
>
> 100. Admitted. It is further noted that [Appellee] has not attempted to alienate or corner the name "J. Howard Wert" solely to reference [Appellee], as J. Howard Wert was a world-renowned and well-recognized civil war historian whose credibility and recognition are without question.

Appellee's Answer to Appellants' New Matter and Counterclaims, 8/14/2013, at ¶¶ 99-100.

In other words, the record does not support a conclusion that Appellee's protection in the mark "J. Howard Wert Gettysburg Collection" extends to the buying and selling of artifacts. Appellee admittedly has protected that mark solely for use in educational exhibitions, lectures, and such. Further, Appellants have not sought a declaration of their right to use "J. Howard Wert Gettysburg Collection." Appellants want to use "J. Howard Wert" and/or "J. Howard Wert Collection," and Appellee has registered neither of those. Indeed, Appellee admits that he cannot register the name J. Howard Wert. In summary, nothing in the record supports the trial court's conclusion that Appellee has trademark protection in "J. Howard Wert" and/or "J. Howard Wert Collection." Appellee asserted no such protection, and the trial court lacked any legal or factual basis for declaring rights in Appellee's favor.

Next, the trial court concluded Appellants' proposed use of Appellee's trademark would not constitute "fair use."[6] This was error because Appellee is not asserting trademark infringement and Appellants do not seek to use Appellee's registered mark. Fair use is a defense to an assertion of trademark infringement. *See Century 21*, 425 F.3d at 214. As Appellee has not asserted infringement, Appellants had no occasion to create a record in support of fair use.

Finally, the trial court found that Appellee could trademark the proper name J. Howard Wert because the name is sufficiently distinctive and has secondary meaning associated with Appellee's business.[7] The trial court's finding flatly contradicts the parties' pleadings:

_____

[6] The Third Circuit has described fair use as follows:

> "Nominative" fair use is said to occur when the alleged infringer uses the [trademark holder's] product, *even if the alleged infringer's ultimate goal is to describe his own product.* Nominative fair use also occurs if the only practical way to refer to something is to use the trademarked term.

*Century 21 Real Estate Corp. v. Lendingtree, Inc.*, 425 F.3d 211, 214 (3d Cir. 2005) (emphasis in original).

[7] We turn once again to the Eastern District's Opinion in *Brown*:

> Personal names can serve as a trademark, but they are considered descriptive, not inherently distinctive marks, so they are treated as protectable marks only upon showing of distinctiveness and secondary meaning. An identifying mark is distinctive either if: (1) it is inherently distinctive, or (2) it has acquired distinctiveness through secondary meaning. A personal

*(Footnote Continued Next Page)*

97. The Mark and personal name, J. Howard Wert, has not acquired secondary meaning and is not distinctive.

98. The proper name J. Howard Wert has no secondary meaning associated with [Appellee].

Appellants' Amended Answer with New Matter and Counterclaims, 9/19/2013, at ¶¶ 97-98. Appellee responded:

97. Admitted.

98. Admitted.

Appellee's Answer to Appellants' New Matter and Counterclaims, 8/14/2013, at ¶¶ 97-98. We need not address this issue further.

For all of the foregoing reasons, we conclude the trial court erred in entering judgment in favor of Appellee on Appellants' declaratory judgment cause of action. That decision was procedurally improper in response Appellants' motion for summary judgment. Further, the record fails to

_(Footnote Continued)_ _____

name acquires secondary meaning when the name and the business it is associated with become synonymous in the public mind and the secondary meaning submerges the primary meaning of the name as a word identifying a person, in favor of its meaning as a word identifying that business. Accordingly, the claimant must not only show that it used the personal name as a trademark, but that a substantial portion of the consuming public associates [the name] specifically with [its] business. If the mark is primarily a personal name, then the senior user must prove the existence of secondary meaning in its mark at the time and place that the junior user first began use of that mark.

**Brown**, 745 F.Supp.2d at 611 (internal citations and quotation marks omitted).

support the trial court's factual conclusions. We vacate the trial court's July 10, 2015 order insofar as it declared rights in favor of Appellee[8] and remand for further proceedings in accord with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2016

---

[8] As explained above, our jurisdiction is limited to that issue.