J-A28008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. S/B/M TO WACHOVIA BANK, N.A. F/K/A FIRST UNION NATIONAL BANK | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| BRYAN M. BAROSH CHRISTOPHER A. BAROSH | : : : | |
| Appellee | : | No. 491 EDA 2017 |

Appeal from the Order Entered December 23, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2015-07521

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED JANUARY 11, 2018**

Appellant, Wells Fargo Bank, N.A. S/B/M to Wachovia Bank, N.A. F/K/A/ First Union National Bank ("Bank"), appeals from the order entered in the Bucks County Court of Common Pleas, which purported to grant the second motion for summary judgment of Appellee, Christopher A. Barosh, but in favor of Bank.[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On February 7, 2002, Bank and the Barosh brothers executed two mortgages on a property located at 350 S. River Road, New Hope, PA

_____

[1] Bryan M. Barosh did not respond to any of the pleadings in the matter including this appeal.

18938. The first mortgage ("senior mortgage") was for $157,000.00; the second mortgage ("junior mortgage") was for $31,139.48. Both mortgages were recorded in the Bucks County Office of the Recorder of Deeds.

On October 30, 2015, Bank filed a foreclosure complaint against the Barosh brothers to enforce the senior mortgage, after they had failed to make mortgage payments or cure the default. In response to Appellee's preliminary objections, the Bank filed an amended complaint on December 21, 2015, and admittedly through inadvertence, attached the junior mortgage as Exhibit "C." Appellee filed his first motion for summary judgment on March 7, 2016, asserting Bank had failed to produce a contract between him and Bank, and requested dismissal of Bank's complaint. Bank responded to this first motion for summary judgment on April 5, 2016, and attached its amended complaint to its response, along with the junior mortgage appended as Exhibit "C." On May 2, 2016, Bank filed a *praecipe* to substitute the senior mortgage as Exhibit "C" to its amended complaint.

Appellee filed his second motion for summary judgment on June 27, 2016, again asserting that Bank had failed to include a contract between him and Bank in its amended complaint and requesting dismissal of Bank's complaint. Bank filed a response to Appellee's second motion for summary judgment on July 20, 2016, and again attached the amended complaint with the junior mortgage appended as Exhibit "C." The court denied Appellee's first motion for summary judgment on July 27, 2016. The court conducted a

phone conference on August 1, 2016, during which Appellee offered to settle Bank's claim for the face amount of the junior mortgage. Bank did not accept the offer. On August 3, 2016, Bank filed a *praecipe* to attach exhibits, including the senior mortgage, to its response to Appellee's second motion for summary judgment. On December 23, 2016, the court entered summary judgment in favor of Bank for the face amount of the junior mortgage. The order stated:

> [U]pon consideration of, Motion for Summary Judgment, [Bank's] Answer, and [Appellee's] offer to settle for the face amount of the mortgage sued upon in the Amended Complaint, it is hereby **ORDERED** and **DECREED** that judgment is entered in favor of [Bank] and against [Bryan M. Barosh and Christopher A. Barosh] for the full face amount of the mortgage sued upon in the Amended Complaint being $31,139.48.

(Judgment Order, filed December 23, 2016). This order was docketed and notice of the disposition was sent to the parties on January 3, 2017.

Bank timely filed a notice of appeal on February 2, 2017. The court ordered Bank, on February 3, 2017, to file a concise statement of errors complained of an appeal pursuant to Pa.R.A.P. 1925(b). Bank timely complied on February 23, 2017. On May 19, 2017, Appellee filed an application to quash Bank's appeal, claiming the appeal was untimely and Bank was not an aggrieved party because it obtained a judgment for the full amount of the mortgage upon which Bank had sued. Bank responded on June 2, 2017. This Court issued a *per curiam* order on June 7, 2017, stating the appeal was timely filed but denied, without prejudice, Appellee's right to

- 3 -

argue before the merits panel the issue of whether Bank was an aggrieved party.

Bank raises the following issues for our review:

> WHETHER THIS COURT SHOULD DENY [APPELLEE'S] APPLICATION TO QUASH APPEAL BECAUSE [BANK] IS AN AGGRIEVED PARTY AND THE APPEAL WAS TIMELY FILED?[2]
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT IN FAVOR OF [BANK], THE NON-MOVING PARTY?
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY ENTERING JUDGMENT IN THE FACE AMOUNT OF A MORTGAGE INADVERTENTLY ATTACHED TO [BANK'S] AMENDED COMPLAINT?
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY ENTERING SUMMARY JUDGMENT BASED ON [APPELLEE'S] "OFFER TO SETTLE" WHICH DOES NOT APPEAR IN HIS SECOND MOTION FOR SUMMARY JUDGMENT?
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY ENTERING SUMMARY JUDGMENT WHEN GENUINE DISPUTES OF MATERIAL FACT EXISTED?
>
> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW AND ABUSED ITS DISCRETION BY RECEIVING TESTIMONY, ADMISSIONS, OR ARGUMENT DURING A PHONE CONFERENCE ON PENDING DISCOVERY MATTERS WITHOUT ADVANCE NOTICE TO [BANK]?

---

[2] This Court's June 17, 2017 *per curiam* order concluded Bank's appeal was timely. Thus, the timeliness of the appeal is no longer at issue.

- 4 -

(Bank's Brief at 3-4).

As a prefatory matter, Pennsylvania Rule of Appellate Procedure 501 provides:

**Rule 501.  Any Aggrieved Party May Appeal**

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

*Note:*  Whether or not a party is aggrieved by the action below is a substantive question determined by the effect of the action on the party, etc.

Pa.R.A.P. 501.  "A party is 'aggrieved' when the party has been adversely affected by the decision from which the appeal is taken."  ***Ratti v. Wheeling Pittsburgh Steel Corp.***, 758 A.2d 695, 700 (Pa.Super. 2000), *appeal denied*, 567 Pa. 715, 785 A.2d 90 (2001).  A party can be "aggrieved" for purposes of an appeal, if that party did not obtain the full contractual relief it sought.  ***Pittsburgh Const. Co. v. Griffith***, 834 A.2d 572, 589-90 (Pa.Super. 2003), *appeal denied*, 578 Pa. 701, 852 A.2d 313 (2004).  Likewise, "summary judgment cannot benefit a party that did not seek it. … There is an appeal from a summary judgment by a non-moving party when summary judgment ends the litigation and removes that party from court."  ***Sidkoff, Pincus, Greenberg & Green, P.C. v. Pennsylvania Nat. Mut. Cas. Ins. Co.***, 521 Pa. 462, 470, 555 A.2d 1284, 1288 (1989).

Instantly, Bank sued the Barosh brothers on the defaulted senior mortgage, which is substantially larger than the face amount of the junior

mortgage that the court awarded. Even though Bank was technically a prevailing party, Bank did not obtain full relief. Therefore, Bank qualifies as an "aggrieved" party. **See Pittsburgh Const. Co., supra**. Further, Bank was the non-moving party in the summary judgment proceedings, yet the court awarded summary judgment in Bank's favor for substantially less than Bank requested and removed Bank's case from court. As a displaced party that effectively suffered summary judgment, Bank had no alternative but to appeal the judgment. **See Sidkoff, Pincus, Greenberg & Green, P.C., supra**. Thus, Bank's appeal is properly before this Court.

On appeal, Bank principally argues that it met its burden to defeat Appellee's motion for summary judgment. Bank contends it corrected the mortgage attached to its amended complaint before Appellee filed his second motion for summary judgment. Bank also submits Appellee did not ask for a judgment in favor of Bank, for the junior mortgage, in his motion for summary judgment. Bank avers that, in this context, it was required only to point to genuine issues of material fact in the record to defeat summary judgment, but it did not have to prove its entire case. Further, Bank asserts the inadvertent attachment of the junior mortgage, as Exhibit "C" to Bank's amended complaint, did not constitute a "judicial admission" for several reasons: (a) Bank substituted the correct exhibit; (b) the amended complaint specifically referred to the primary mortgage which was recorded in the Bucks County Recorder of Deeds' Office and is a matter of public

record; (c) Appellee's offer to pay the face amount of the junior mortgage did not include escrow paid or interest accrued; and (d) Bank objected to Appellee's arguments during the court conference and filed supplemental materials to dispute summary judgment. When viewed in the light most favorable to Bank as the non-moving party, Bank submits the record makes clear the court's entry of summary judgment was factually and legally incorrect. Bank concludes this Court should reverse the trial court's decision to grant summary judgment, due to the manner employed and the amount awarded, and vacate and remand for further proceedings. We agree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 768 A.2d 1089 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and **the moving party** is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006)

(emphasis added, internal citations and quotation marks omitted).

The Pennsylvania Rules of Civil Procedure provide:

**Rule 1035.2. Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

*Note*: Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which **entitles the moving party to judgment as a matter of law.**

\* \* \*

Pa.R.C.P. 1035.2 (emphasis added). "Nothing in this rule intimates that a court may grant summary judgment in favor of a non-moving party." **Bensalem Tp. School Dist. v. Commonwealth**, 518 Pa. 581, 585, 544 A.2d 1318, 1320 (1988).[3] **See also Sidkoff, supra** at 469, 555 A.2d at 1287 ("There exists no provision in the rules [of civil procedure] for summary judgment to be entered in favor of a non-moving party."); **Warfield v. Shermer**, 910 A.2d 734 (Pa.Super. 2006), *appeal denied*, 591

_____

[3] This decision occurred before the General Assembly amended the Rules of Civil Procedure in 1996. We note, however, that the language of the current rule regarding summary judgment is substantially the same.

- 9 -

Pa. 737, 921 A.2d 497 (2007) (citing favorably language from ***Bensalem, supra***). Only the movant in a motion for summary judgment can prevail, because if the movant fails, a dispute continues on the facts. ***Id.***

Courts sitting in equity have broad powers to grant relief that results in an equitable resolution. ***Gutteridge v. J3 Energy Group, Inc.***, 165 A.3d 908 (Pa.Super. 2017) (*en banc*). Courts, however, must formulate a remedy that is consistent with the requested relief. ***Id.***

Instantly, Bank filed a foreclosure complaint against the Barosh brothers to enforce the Banks' senior mortgage. Bank then filed an amended complaint and inadvertently attached the parties' junior mortgage as Exhibit "C." Appellee filed two motions for summary judgment; in both he argued Bank had failed to produce a contract between him and Bank and requested dismissal of Bank's complaint. In its responses to both motions for summary judgment, Bank included a copy of its amended complaint with the junior mortgage attached as Exhibit "C." Before Appellee's second motion for summary judgment, however, Bank filed a *praecipe* to substitute the senior mortgage as Exhibit "C" in the amended complaint. After denying Appellee's first motion for summary judgment, the court conducted a phone conference with Bank and Appellee. During the phone conference, Appellee offered to settle the dispute for the face amount of the junior mortgage, which Bank did not accept. Bank filed a *praecipe* to attach exhibits to its response to the second motion for summary judgment, which included a

copy of the senior mortgage. Ultimately, the court entered summary judgment in favor of Bank for the face amount of the junior mortgage.

Here, Bank twice submitted a *praecipe* to substitute the senior mortgage for the junior mortgage attached to the amended complaint during the summary judgment proceedings. Bank was the non-moving party in these proceedings and demonstrated the existence of a genuine issue of material fact. ***See Chenot, supra***. At this stage, we must view the record in the light most favorable to Bank, as the non-moving party, and resolve all doubts as to the existence of a genuine issue of material fact against Appellee, as the moving party.

Additionally, the record shows Bank did not move for summary judgment or file a cross-motion for summary judgment. On this record, therefore, the rule and case law governing summary judgment did not authorize the court to grant summary judgment in Bank's favor. ***See*** Pa.R.C.P. 1035.2; ***Sidkoff, supra***; ***Bensalem, supra***. Moreover, in his motions for summary judgment Appellee did not request relief in the form of a judgment for Bank for the face amount of the junior mortgage. Instead, Appellee asked for complete dismissal of Bank's complaint. Thus, the court's judgment was inconsistent with Appellee's requested relief. ***See Gutteridge, supra***. Accordingly, we vacate the order granting summary

judgment in Bank's favor and remand for proper disposition after further proceedings.[4]

Order vacated; case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/18

_____

[4] In light of our disposition, we decline to reach Bank's other arguments. Similarly, we deny as moot all outstanding motions/applications for relief.